(101 So. 681)

GILLESPIE, SHIELDS & CO. v. I. BERMAN & SON.    (4 Div. 153.)

(Supreme Court of Alabama.    Oct. 23, 1924.)

1. Principal and agent ⟚103(2)—Sale of goods on consignment held not to authorize buyer to buy other goods in name of or on account of seller.

That J. held goods sold to him by defendants under conditional sale contract, to be disposed of at retail in regular course of business, and conducted the business in his name, carried no

---

[1] Post, p. 184.
[2] 211 Ala. 268, 33 A. L. R. 417.

authority, express or implied, to buy other goods in name or on account of defendants.

**2. Principal and agent ⬳103(2)—Defendants' guaranty of special bills of another for fill-in orders held not to authorize latter to buy on credit of former.**

Fact that defendants bought or guaranteed special bills of fill-in goods incurred by another conferred no general authority on the latter to buy on defendants' credit.

**3. Principal and agent ⬳166(1)—Ratification must be predicated on knowledge.**

There can be no ratification without knowledge.

**4. Principal and agent ⬳174—Whether defendants ratified account of another arising from purchase of goods in their name held for jury.**

Where J. purchased goods in name of defendant merchants, whether latter ratified such account, by remaining silent after receiving letters from seller which disclosed that it sold goods to J. in defendants' name, *held* for jury.

**5. Principal and agent ⬳24—Whether defendants owned business conducted by third person, and whether latter was their agent, held for jury.**

Whether defendants were the real owners of a clothing business conducted by J., and whether J. merely acted as their agent to run the business, *held* for jury.

**6. Principal and agent ⬳124(3) — Whether merchants authorized or acquiesced in purchase of goods by another in their name held for jury.**

Whether defendant clothing merchants authorized or knowingly acquiesced in the purchase of goods in their name by another, conducting a similar business elsewhere, *held* for jury.

**7. Appeal and error ⬳901—Rejection of evidence apparently immaterial does not put court in error, in absence of showing of materiality.**

Rejection of evidence apparently immaterial does not put the court in error, unless the materiality of the evidence is pointed out.

**8. Appeal and error ⬳1056(2)—Exclusion of evidence that defendants paid named creditor one of bills of plaintiffs' buyer held not error.**

Where action against defendants to recover price of goods sold to J. in name of defendants was predicated on theory defendants were general guarantors of bills incurred by J., and defendants denied such relation towards J., but admitted that they guaranteed and paid several special bills incurred by J., there was no error in excluding evidence offered by plaintiffs that a named creditor was paid one of those bills.

**9. Trial ⬳60(1)—Evidence of payment of account of another by defendants held immaterial, in absence of showing account was guaranteed by defendants.**

In action seeking to recover from defendants as persons on whose credit J., to whom they sold goods, was authorized to buy, where defendants denied such relation toward J., but admitted they guaranteed certain accounts incurred by J. for fill-in goods, evidence that defendants paid account of a certain company was immaterial, unless accompanied with offer that it was not one of the guaranteed accounts.

**10. Appeal and error ⬳1056(2)—Rejection of evidence, offered to rebut claim third person to whom sellers sold goods was not defendants' agent, held harmless.**

Where action against defendants to recover price of goods sold to J. was predicated on theory J. was defendants' agent, where defendants denied such relation towards J., but claimed they shipped goods to him on consignment, offer of plaintiffs to prove J. never paid up his indebtedness to defendants was refused without injury.

Appeal from Circuit Court, Covington County; W. L. Parks, Judge.

Action by Gillespie, Shields & Co. against I. Berman & Son. Judgment for defendants, and plaintiffs appeal. Transferred from Court of Appeals under Acts 1911, p. 450, § 6. Affirmed.

Gillespie, Shields & Co., wholesale clothiers, of Knoxville, Tenn., bring suit on common counts against I. Berman & Son, of Andalusia, Ala.

Plaintiffs' evidence tends to show: Certain orders for goods were received through their traveling salesman to be shipped to defendants at Graceville, Fla. The goods were shipped and the account has not been paid. Letters requesting payment and statements of the account were addressed to defendants, postpaid, at Graceville, Fla., and later like letters were addressed, postpaid, to defendants at Andalusia. The envelopes have plaintiffs' return card, and none have been returned. One letter purports to be in answer to one from defendants, but defendants' letter is not in evidence, nor otherwise proven.

Defendants' evidence tends to show: Defendants were merchants at Andalusia, and were not in business at Graceville, Fla. They purchased a bankrupt stock of goods at Graceville and turned it over to J. Jacobs. A witness says it was "sold on consignment" to Jacobs, which is further explained as meaning it was sold to Jacobs as a wholesaler would sell, except defendants retained the title as security for the purchase money. Jacobs took possession and operated the business under the name "Jacobs' Cash Store, J. Jacobs, Proprietor," and made payments to defendants at times on the stock purchased. His credit was not good in market. Defendants, in order to keep the business going and get their money, guaranteed several special orders for fill-in stock, and the orders so O. K.'d were shipped in defendants' name to Graceville, received by Jacobs, and placed in his stock. Both members of defendant firm and Jacobs testify that Jacobs had no

authority to buy goods in defendants' name; that arrangements were made by the wholesalers with defendants to guarantee such bills as defendants became bound for and paid.

The evidence is not entirely clear and harmonious as to the method of business in this regard. An inference at least may be drawn from Jacobs' testimony on cross-examination that he was authorized to make out orders in defendants' name, to become effective when O. K.'d by them.

As to plaintiffs' account, Jacobs testifies he did not give the order in defendants' name, but in his own; that when plaintiffs' salesman was through taking the order, he remarked, "I understand that I. Berman & Son sometimes guarantee some bills for you that you purchase," and Jacobs replied, "Yes, they do; they do whenever it is necessary and I need the goods very bad," etc.; that the goods came in the name of I. Berman & Son, and he took them out, assuming that arrangements had been made by plaintiffs to have the account guaranteed. Plaintiffs' salesman is not examined. Defendants deny all knowledge of the purchase of the goods, that they had ever done business with plaintiffs in any way, and deny receiving any letters or statements from plaintiffs. The assignments of error present the refusal of the affirmative charge for plaintiffs and rulings on evidence.

E. O. Baldwin, of Andalusia, for appellant.

Counsel argues for error in rulings on the trial, but without citing authorities.

A. Whaley, of Andalusia, for appellee.

Counsel argues the questions raised, but cites no authorities.

BOULDIN, J. [1, 2] No question of the rights of Jacobs' creditors in the stock of goods sold him under conditional sale contract, to be disposed of at retail in regular course, is here involved. The fact that he so held goods and conducted a business in his own name would carry no authority, express or implied, to buy other goods in the name or on account of these defendants. Neither would the fact that defendants bought or guaranteed special bills of fill-in goods confer a general authority to buy on their credit.

If Jacobs was given a general authority to make out orders in defendants' name, to be thereafter presented to defendants for their O.K., and he thus became defendants' agent to advise wholesalers of this condition, which he failed to do, a question would arise whether defendants would be bound or estopped to deny his apparent authority. This question need not be here decided, because of evidence that plaintiffs' salesman knew or had notice, at the time of the order, that it was subject to such condition.

[3, 4] If defendants received the letters in evidence, this would carry notice that Jacobs had purchased in their name, received the goods, and incorporated them in the stock to which they held the title. They would be called upon to promptly speak and disclaim Jacobs' act. Their silence would be a ratification of the purchase. But there is no ratification without knowledge. This also was an issue for the jury.

[5, 6] Plaintiffs could recover upon a finding that defendants were the real owners of the business, and Jacobs their agent to run it for their benefit, or that Jacobs had general authority to buy for his stock in their name, or that defendants knowingly acquiesced in the purchase of the goods in their name. Under the evidence these were all questions for the jury, and the affirmative charge was properly refused.

[7-10] In view of the evidence that defendants had guaranteed and paid several special bills, there was no error in excluding evidence that a named creditor was paid one of those bills. So, evidence that defendants had paid the account of Coe Coffee Company was immaterial, unless accompanied with an offer of evidence that it was not one of the guaranteed accounts. The court is not put in error by rejecting evidence apparently immaterial, unless its materiality is pointd out. The offer of plaintiffs to prove that Jacobs had never paid up his indebtedness to defendants was refused without injury.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.