# Bell *v.* The State.

*Indictment for Petit Larceny.*

1. *County court of Wilcox; trial of misdemeanor without a jury.* The provision of the general law creating the county court and clothing it with jurisdiction of misdemeanors, that if a trial by jury is not demanded, "the judge shall determine both the law and the facts, without the intervention of a jury," etc. (Code, § 4718), applies to the jurisdiction of the county court of Wilcox as enlarged by the special statute of February 23rd, 1881 (Pamph. Acts, 1880–1, p. 295).

2. *Same; when decision on facts can not be reviewed.*—When parties waive the intervention of a jury, and substitute the court as the trier of the facts, the decision of the court upon the facts is the equivalent of the verdict of a jury, and can not be reviewed on appeal.

3. *Complaint in county court for larceny; when sufficient.*—A complaint in the county court for petit larceny, which names the offender, and avers the property taken and its ownership, and designates the offense charged with reasonable certainty, by words and phrases which, in common and legal parlance, would be employed to designate it, is sufficient, although it does not contain an averment of the time when the offense was committed; that it was before the complaint was made, being included in averments referring to it as a past matter.

APPEAL from Wilcox County Court.

Tried before Hon. JOHN PURIFOY.

Thorn Bell, the appellant, was charged in the court below with the offense of petit larceny, the complaint on which the warrant was issued, and on which the trial was had being in these words:

"The State of Alabama, ⎰ County Court.
Wilcox County.　　　⎱　I have probable cause for believing and do believe, that the offense of feloniously taking and carrying away two turkeys, of the value of one & 50-100 dollars, the property of W. W. Moore, has been committed in said county by Thorn Bell, *alias* Thorn Hill, on the ——— day of ——— , 18—.

"JESSE J. MOORE.

"The above subscribed and sworn to before me this 5th day of Nov., 1883.

"JOHN PURIFOY, County Judge."

The opinion does not render it necessary to set out the facts disclosed by the evidence. The judgment of conviction, after finding the defendant guilty, sentences him to pay a fine of ten dollars and costs. Then, after reciting that the defendant has failed to pay the fine and costs, his personal presence in court, and that he had nothing to say why the sentence of the law should not be passed upon him, it further sentences him to hard labor for Wilcox county for a designated period for the payment of the fine, and for another designated period for the payment of the costs, the amount of which is stated. Then follows a suspension of the judgment pending this appeal.

HOWARD & BECK and JONES & JONES, for appellant.

H. C. TOMPKINS, Attorney-General, for the State.

PER CURIAM.—1. The statute under which the present proceedings were had, and the judgment of conviction rendered, enlarges the jurisdiction of the county court of Wilcox in cases of misdemeanor, and secures to the party accused a right to trial by jury, if he makes a demand thereof before the first day of the next regular term of the court after he is arrested or taken into custody. A subsequent section of the act applies to prosecutions in the court " all laws of a general nature now in force, or that may be hereafter enacted, so far as the same apply to misdemeanors," etc.—Pam. Acts, 1881-81, p. 295, *et seq.* The general law creating the county court and clothing it with jurisdiction of misdemeanors, conferred the right to a trial by jury, if it was demanded, and it was obtained through the medium of an appeal to the circuit court. If a trial by jury was not demanded, it was declared, " the judge shall determine both the law and the facts, without the intervention of a jury," etc.—Code, 1876, § 4718. This statutory provision applies to the enlarged jurisdiction of the county court of Wilcox, and the result is, that the judge can be substituted to the place of the jury, and become the trier of the facts only by the consent of the accused—only by his waiver of the intervention of a jury. When parties waive the intervention of a jury, substitute the court as the trier of the facts, the decision of the court upon the facts is the equivalent of the verdict of a jury, and can not be reviewed on error.—See authorities collected in *Nooe v. Garner*, 70 Ala. 446. We can not, therefore, examine the evidence and determine whether it is of that degree and quantity to establish guilt of a criminal offense. The law attaches to it the quality of conclusiveness in that respect, when assailed on error.

2. The complaint is not insufficient. It pursues substan-

[Howard v. The State.]
tially the statute. The offense with which the accused is charged, is designated and described with reasonable certainty, by words and phrases which, in common and legal parlance, would be employed to designate it; the offender is named, and the property taken and the ownership are averred; that is all the statute requires, and all that is necessary for the security and protection of the defendant. An averment of the time the offense was committed is not necessary; that it was before the making of the complaint is included in the words referring to it as a matter past, as having been commited.—Code, 1876, § 4702.

3. We can not perceive any error in the judgment and sentence of the court.

Affirmed.