# Williams *v.* The State.

*Prosecution for Petit Larceny.*

1. *Prosecution before justice of the peace, for larceny; sufficiency of affidavit.*—An affidavit made before a justice of the peace, charging that the accused, on a named day, and in the county, "did steal from his [affiant's] premises one plow-stock, sweep, single-tree, and set of gearing," not averring either the value or the ownership of the articles, may be fatally defective as a charge of larceny, if directly assailed in the justice's court; but, not being there objected to, it is sufficient to sustain the jurisdiction of the justice on appeal from a judgment of conviction.

[Williams v. The State.]

2. *Same; appeal.*—On appeal from a judgment of conviction in a prosecution commenced before a justice of the peace, errors and irregularities in the process or proceedings, which might have been fatal if there directly assailed, but which were not objected to, are not available in arrest of judgment, when the jurisdiction is sufficiently shown.

FROM the City Court of Montgomery.

Tried before the Hon. THOS. M. ARRINGTON.

The defendant in this case was arrested under a warrant issued by a justice of the peace, "on a charge of petit larceny alleged to have been committed by him in said county, on or about the 12th day of June, 1889, on the premises of J. W. James, said charge being preferred by said James." The affidavit on which said warrant was issued, was made before the justice by said James, and stated that "in said county, on or about the 12th day of June, 1889, one Henry Williams did steal from his premises one plow-stock, sweep, single-tree, and set of gearing, against the peace," &c. On the trial before the justice of the peace, the defendant was found guilty, and sentenced to hard labor for the county for six months; from which judgment he took an appeal to the City Court. In that court, the solicitor filed a statement or complaint in the name of the State, charging the defendant with the larceny of the articles named, alleging that they were the personal property of J. W. James, and of the aggregate value of $5.00. To this complaint the defendant pleaded not guilty, but was found guilty by the verdict of the jury; and he then moved in arrest of judgment, on the ground that the proceedings were void for want of jurisdiction—that the affidavit was void, because it does not aver the value or ownership of the stolen property, and that the City Court had no jurisdiction of the case. The court overruled the motion in arrest, and rendered judgment on the verdict.

JNO. GINDRAT WINTER, for appellant.—The affidavit charged no offense, because it did not aver the ownership of the property: *non constat* but it may have belonged to the defendant himself.—*Davis v. State*, 54 Ala. 88; *Beale v. State*, 53 Ala. 460. The affidavit was void, also, because it did not allege the value of the property, nor show that the value was within the jurisdiction of the justice in cases of larceny.—3 Brick. Digest, 198, § 233. In such cases, the jurisdiction of a justice is limited to ten dollars, and this jurisdiction must affirmatively appear. The warrant of arrest is founded on the affidavit, and can not go beyond it, nor

6

supply its defects; and it is equally void, because it does not show that the justice had jurisdiction to issue it.—*Noles v. State,* 24 Ala. 672. These defects, going to the jurisdiction, were not waived by the failure to claim advantage of them in the justice's court, but were available in arrest of judgment, or on error.—*Burns v. Henry,* 67 Ala. 210; *Vaughan v. Robinson,* 20 Ala. 229. Nor can the judgment be sustained by invoking the original jurisdiction of criminal prosecutions possessed by the City Court, since, by constitutional provisions, such cases can only be instituted by indictment or presentment of a grand jury.—Const. Ala., Art. I, § 9; *Williams v. State,* 61 Ala. 38.

TENNENT LOMAX, for the Attorney-General, *contra,* cited *Blankenshire v. State,* 70 Ala. 10; *Tatum v. The State,* 66 Ala. 465.

CLOPTON, J.—After a verdict of guilty had been returned, appellant moved for arrest of judgment, on the ground that the affidavit, on which the justice of the peace issued his warrant of arrest, charges no criminal offense of which the justice had jurisdiction, by reason whereof the proceedings before him, including the judgment of conviction and sentence, from which the defendant took an appeal to the City Court, are void. The contention is, that the jurisdiction of a justice of the peace to try criminal offenses being statutory, the facts out of which the jurisdiction proceeds must affirmatively appear from the proceedings; and as the justice has jurisdiction of larceny only when the value of the property taken does not exceed ten dollars, the value is a jurisdictional fact.

In respect to the trial of cases taken by appeal from the judgment of a justice, section 4231 of Code, 1886, provides: "The trial in the Circuit or City Court shall be *de novo,* and without indictment or presentment by the grand jury; but the solicitor shall make a brief statement of the cause of complaint." It is well settled, that when the defendant fails to make any objection to the sufficiency of the affidavit before the justice, and takes the case by appeal into the Circuit or City Court, where the trial is *de novo,* a complaint may be filed by the solicitor properly charging the offense with which the accused was charged before the justice, and no objection can be made to any inaccuracies or imperfection in the proceedings before him.—*Tatum v. State,* 66 Ala. 465;

*Blankenshire v. State,* 70 Ala. 10.　This general rule is not controverted; but it is insisted, that the City Court, being prohibited by the Constitution to try any person for an indictable offense by information, does not acquire jurisdiction by appeal to try a case *de novo,* without an indictment or presentment by a grand jury, when the proceedings before the justice are void; and that in such case the City Court has jurisdiction to hear and determine the case only by virtue of its original jurisdiction over the subject-matter. Whether, in this contention, counsel have failed to observe the distinction between jurisdiction of the subject-matter, and the mode by which a particular case may be brought within the jurisdiction of the court, or whether, after appeal, complaint filed, and conviction in the City Court, the objection that the affidavit made before the justice of the peace is void, can be taken advantage of by motion for arrest of judgment, it is unnecessary to decide.

The question is not, whether the affidavit and warrant should have been quashed on direct and seasonable objection; but whether it is sufficient to uphold the judgment of the justice for the purposes of an appeal to the Circuit or City Court. Section 4236 of Code, 1886, provides: "The forms for proceedings before the County Court, under the provisions of the preceding article, or others substantially the same, may be used by a justice of the peace in cases tried before him;" and section 4204, being a section of the preceding article, prescribes the constituents of the requisite affidavit to bring a criminal accusation before the County Court. It declares, that upon a party desiring to bring a charge of misdemeanor before the County Court, making affidavit in writing before the judge thereof, or some justice of the peace of the county, that he has probable cause to believe, and does believe, that an offense, designating it by name, or by some other phrase, which, in common parlance, designates it, has been committed by some person (naming the offender), on the person or property of another (naming the person injured), the judge of the court, or justice of the peace, shall issue his warrant of arrest. It is obvious that the statute dispenses with the fullness and accuracy of description of the offense, and altogether with some averments necessary and observed in indictments. A complaint for petit larceny, if it designates the offense by name, or by an equivalent phrase used in common discourse to describe it, names the offender, sets forth the property, and avers the ownership,

[Williams v. The State.]

substantially conforms to the statute, and is sufficiently certain, on objection being made before the justice.—*Bell v. State*, 75 Ala. 25; *Brown v. State*, 63 Ala. 97; *Brazelton v. State*, 66 Ala. 96.

The affidavit in the present case charges, that the defendant stole, in the county of Montgomery, certain personal chattels from the premises of the complainant, setting forth the property. There is no averment of either value or ownership, except as may be inferred from the kind of property, and the statement that it was taken from the premises of the affiant. The warrant of arrest recites the offense of petit larceny. Neither the value, nor the ownership, is a jurisdictional fact, essential to be stated. The statute does not require the former to be alleged, and the latter, being for purposes of identification and notice, and the exclusion of an inference that the accused may be the owner, is material only as matter of pleading, to bring the case properly before the justice—not to confer jurisdiction to try it. The capacity to hear and determine criminal offenses is conferred in these terms: "Justices of the peace have, in their respective counties, jurisdiction of the following offenses," designating them by name. A warrant of arrest issued by a justice of the peace, commanding the officer to arrest the accused, "to answer the criminal offense of larceny," has been held to be sufficiently regular on its face to justify the officer in executing it.—*Murphy v. State*, 55 Ala. 252. Also, that a warrant, reciting the offense of obtaining goods by false pretenses, need not recite an intent to injure or defraud, though such intent is an essential constituent of the crime.—*Rhodes v. King*, 52 Ala. 272.

The offense, and its commission in the county of the justice, are the essential jurisdictional facts; and, as we have shown, the offense may be designated by name, or other equivalent phrase, when given its ordinary signification. To *steal*, as defined in the law-books and by lexicographers, means the felonious taking and carrying away the personal goods of another. In legal, as well as in common parlance, it designates the offense of larceny.—*Parker v. Lewis*, 2 Iowa, 311; Winfield Adj. Words. It may be conceded, that the affidavit and warrant abound in irregularities and inaccuracies, showing a want of observance of the statutes, which rendered them fatally defective, if assailed before the justice; yet, if upon a fair and reasonable interpretation of the language, imputing its ordinary signification, a charge

[Rutledge v. The State.]

of petit larceny, and the commission of the offense in the county, can be gathered, the jurisdiction of the justice attached to the complaint.—*Heard v. Harris*, 68 Ala. 44. The defects were cured by the complaint filed by the solicitor.   The jurisdiction of the justice sufficiently appears to constitute his judgment the proper basis of appeal, which cut off all inquiry into its inaccuracies; and on appeal, the statute conferred authority on the City Court to try the case *de novo*, without an indictment or presentment by a grand jury.

Affirmed.