# Bailey *v.* The State.

*False Pretense.*

(Decided Feb. 11, 1909.   48 South. 791.)

*False -Pretense; Indictment; Description of Person to Whom Pretense was made; Corporation.*—An indictment for obtaining money by false pretense alleging that the false pretense was made to the Louisville & Nashville Railroad Company, a corporation, sufficiently alleges the person to whom the false pretense was made, since section 1, Code 1907, provides that the word, person, shall include a corporation as well as natural person.

APPEAL from Montgomery City Court.

Heard before Hon. W. H. THOMAS.

Ed Bailey was convicted of obtaining money under false pretense from the Louisville & Nashville Railroad Company, a corporation, and he appeals.   Affirmed.

JOHN W. SANFORD, JR., for appellant.   No brief came to the Reporter.

ALEXANDER M. GARBER, Attorney-General, and THOMAS W. MARTIN, Assistant Attorney-General, for the State. The indictment was not subject to the demurrers interposed.—*White v. The State,* 86 Ala. 69; *State v. Houldah,* 78 Minn. 524; *State v. Turvey,* 142 Mo. 402; 19 Cyc. 425.

DOWDELL, J.—The appellant was tried and convicted on an indictment for obtaining money under false pretenses.   The indictment is in Code form.—Cr. Code 1907, p. 670, form No. 58.   There is no bill of exceptions in the record, and the only question presented for our consideration is the one raised by the demurrer to the indictment.   The demurrer takes the point that the in-

·dictment fails to allege the name.of any person to whom any false representation was made, but instead thereof alleges that the false pretense was made to the Louisville & Nashville Railroad Company, a corporation.

So far as we are advised, this is the first time this precise question has ever been presented to this court. The case of *White v. State,* 86 Ala. 69, 5 South. 674, is somewhat analogous; appellant there having been convicted of attempting to defraud by false pretenses "the Louisville & Nashville Railroad Company, a corporation duly incorporated under the laws of Kentucky." The indictment in that case was not assailed on the point here raised. In 19 Cyc. p. 425 (D), it is said: "An indictment for obtaining property by false pretense must allege specifically that defendant made the pretense in question, and state to whom the pretense was made, and who was defrauded thereby, unless his name is unknown. It is sufficient to allege that the pretense was made to, or that the person defrauded was, a corporation, either private or municipal, a firm, or, where the pretense was by advertisement, the public generally." In the case of *State v. Turley,* 142 Mo. 403, 44 S. W. 267, the precise question was considered and decided, and it was there held that the indictment was sufficient. In the opinion in that case it is said arguendo: "No one would contend that if representations of the character which defendant is charged with making, were made in writing and ad- dressed to a corporation, it would be necessary to allege that they were relied upon by some particular director or agent of the corporation, and the same rule applies when such statements and representations are verbal." And we may here add to what was there said, if the false pretenses were made in a letter addressed to the corpo- ration eo nomine, to aver in the indictment that they were made to some particular individual might involve

a still more serious question of a variance between the allegata and probata. The same question was ruled on by the Supreme Cour of Minnessota in the case of *State v. Hulder*, 78 Minn. 524, 81 N. W. 532, and the indictment was held sufficient. Our own statute (section 1, Code 1907) provides that "the word 'person' includes a corporation as well as a natural person."

Our conclusion is that the indictment was not subject to the demurrer, and was properly overruled. Finding no error in the record, the judgment appealed from is affirmed.

Affirmed.

ANDERSON, McCLELLAN, and MAYFIELD, JJ., concur.