# Burney *v.* The State.

## *False Pretense.*

(Decided June 19, 1912.   59 South. 306.)

1. *False Pretense; Elements.*—Deception and injury are the essence of the statutory offense of obtaining goods by false pretense.

2. *Indictment and Information; Complaint; Motion in Arrest of Judgment.*—The particularity required to be observed in drawing indictments does not apply to an affidavit as the beginning of a criminal prosecution, it being sufficient in such case to designate the offense by the name by which it is known in common parlance, and hence, an affidavit charging that the defendant committed the offense of false pretense by mortgaging fifteen bushels of corn to a named person, knowing that he had no corn, and thereby obtained the goods valued at $7.20, is sufficient against a motion in arrest of judgment.

[Burney v. The State.]

3. *New Trial; Review; Criminal Prosecution.*—The action of the trial court in overruling motion for new trial in a criminal case will not be reviewed on appeal by this court.

APPEAL from Pike County Law Court.

Heard before Hon. T. L. BORUM.

Alex Burney was convicted of obtaining money under false pretense, and he appeals. Affirmed.

No counsel marked for appellant.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State.

PELHAM, J.—The defendant was tried on a complaint for false pretense, alleging that the defendant obtained goods of the value of $7.20 by falsely pretending that he had 15 bushels of corn with which to secure payment of the goods. It appears from the statements in the bill of exceptions that the defendant was not represented by counsel in the trial of the case, and no objection was made or exception reserved to any action or ruling of the court during the progress of the trial until a verdict of guilty was returned by the jury; whereupon a motion in arrest of judgment was made, on the ground that the complaint was not sufficient to support a judgment of conviction and did not charge any offense known to the law. The complaint charged that the defendant "did commit the offense of false pretense" by mortgaging 15 bushels of corn to a certain named party, knowing at the time he had no corn, and by such means obtained goods of the value of $7.20.

Deception and injury are the essence of our statutory crime of obtaining property by false pretense.—*Chauncey v. State,* 130 Ala. 71, 30 South. 403, 89 Am. St. Rep. 17. And the particularity to be observed in indictments is not required in cases where the prosecu-

tion is on a complaint commenced by affidavit. In such cases it is sufficient to designate the offense by the name it is known and distinguishable by in common parlance. —*Brazleton v. State,* 66 Ala. 96.

In this case the complaint alleges the essence of the crime, and designates it by the name it is known by in legal and common parlance. The complaint was sufficient to support a conviction, and the motion in arrest of judgment was properly overruled.—*Brazleton v. State, supra; Rhodes v. King,* 52 Ala. 272; *Bell v. State,* 75 Ala. 25; *Brown v. State,* 63 Ala. 97; *Williams v. State,* 88 Ala. 80, 7 South. 101.

The court's action in overruling the motion for a new trial is not revisable here.—*Sanders v. State,* 2 Ala. App. 13, 56 South. 69; *Ferguson v. State,* 149 Ala. 21, 43 South. 16.

The judgment of the court below will be affirmed. Affirmed.