(125 Co. 787)

**HURT v. STATE. (1 Div. 851.)**

Court of Appeals of Alabama. Jan. 21, 1930.

370

Webb & Shepard and Thornton & Frazer, all of Mobile, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

BRICKEN, P. J. The indictment contained one count, and charged the defendant with the offense of forgery of a certain purported mortgage alleged to have been "signed H. C. Stanymes and Della Stanymes," for $3,000, payable to Hans Schneider and Fritz Schneider, etc.; the offense charged being forgery in the second degree.

Upon the trial, it was developed that the prosecution was not in possession of the mortgage in question, whereupon the state offered some testimony tending to identify a certain paper (or mortgage), and, upon objection by defendant, this testimony was limited by the court for that purpose solely.

At the conclusion of the state's case, the defendant took the position that the evidence offered by the state was insufficient upon which to base a conviction, and moved the court to exclude the state's evidence. An exception was duly reserved to the overruling of said motion. The accused offered no evidence.

It is elementary that in all criminal prosecutions the burden is upon the state to prove each and every material averment in the indictment, and that the measure of proof necessary to a conviction is that such allegations are true beyond a reasonable doubt, and to a moral certainty.

On the trial of the instant case, as stated, the prosecution was not in possession of the purported mortgage alleged to have been forged by the accused, and as a consequence undertook to lay a predicate as to its loss in order to introduce secondary evidence of its contents. One of the oldest and most salutary principles found in the law books is the rule which requires the production of the best evidence which the nature of the question admits of. This rule has its exceptions, among which, and probably the most common, is that, in case of the loss or destruction of a written instrument, which the proof shows has been in existence, secondary evidence of its contents may be received. Such proof, however, is prima facie irrelevant, and becomes relevant only after the establishment of the preliminary fact. In the case we are considering, there is no evidence that the purported mortgage is destroyed, nor is there any evidence to the effect that it has been lost; no demand was made on the defendant or his wife for the production of the mortgage either before or at the trial. Moreover, there appears a variance between the proof offered as to the identity of the paper, and the averment in the indictment, for it cannot be said that the name "Stanymes" as it appears in the indictment, and the name "Stanmyres," shown by the proof, are the same, nor are these names idem sonans. No proof whatever was offered as to the common custom in the pronunciation of these two names, and, in the absence of such proof as a matter of law, they are not the same. From all this we hold that the necessary and proper predicate had not been laid to allow the introduction of secondary evidence.

Moreover, there was never any evidence offered of the contents of the instrument alleged to have been forged. Such evidence as was offered in regard to same was limited to the purpose of identifying the instrument, but the instrument itself nor secondary evidence of the contents thereof, was never offered; therefore there was no evidence before the jury to sustain the indictment. It is clear to us, therefore, that the motion of the defendant to exclude the evidence was well taken, and should have been sustained. The court erred in overruling said motion. It was also error to refuse the affirmative charge requested by appellant.

Reversed and remanded.