668

68 So.2d 718

**BEAR et al. v. SWIFT & CO.**

**I Div. 531.**

Supreme Court of Alabama.

Nov. 12, 1953.

Chas. Hoffman, Mobile, for appellants.

M. A. Marsal, Mobile, for appellee.

LAWSON, Justice.

The appellee sued the appellants declaring through counts on an open account, an account stated, and for merchandise, goods and chattels sold by appellee to appellants. The complaint recites that a verified statement of account is filed therewith. There was affidavit by appellants, defendants below, denying the correctness of the verified statement of account so filed.

Upon the conclusion of the evidence, the trial court gave affirmative instructions in favor of the defendants as to Counts 2 and 3. The case went to the jury on plaintiff's Count 1, which declared upon an open account, and the defendants' plea of the general issue.

There was jury verdict in favor of the plaintiff. Judgment was in accord with the verdict of the jury. From such judgment the defendants have appealed to this court.

The plaintiff, Swift & Company, operates an ice cream plant in Miami, Florida. Defendants, Adele and Joseph Bear, are partners, doing business as Bear Ice Cream Company, with their principal place of business in Mobile, Alabama.

The account sued upon is for ice cream products in the amount of $1,530.48, which plaintiff claims it delivered in September, 1950, to an ice cream distribution business in Miami known as Frozen Sweets.

In September, 1950, the ice cream distribution business referred to in the evidence by plaintiff's witness as Frozen Sweets and by defendants' witness as Simmonds Frozen Sweets was under the management of one Johnny Simmonds.

Defendants concede that from August, 1948, until March 16, 1950, they owned and operated the business known as Frozen Sweets. But defendants' testimony is to the effect that they abandoned the operation of Frozen Sweets on or about March 16, 1950, and rented their equipment to Johnny Simmonds, a former employee, who thereafter operated the business on his own account under the name of Simmonds Frozen Sweets.

Plaintiff could recover upon a finding that defendants were the real owners of the business, and Simmonds their agent to run it for their benefit, or that Simmonds had general authority to buy for his stock in their name, or that defendants knowingly acquiesced in the purchases in their name. Gillespie, Shields & Co. v. I. Berman & Son, 212 Ala. 72, 101 So. 681.

In view of the evidence offered on behalf of the plaintiff, these were all questions for the jury and the affirmative charge as to Count 1 was properly refused. The rule is well established that in passing on the correctness of the trial court's action in refusing an affirmative instruction requested by the defendant, we consider the evidence in its most favorable aspect for the plaintiff. See Texas Co. v. Harold, 228 Ala. 350, 153 So. 442, 92 A.L.R. 523.

The verified statement of account filed with the complaint was improperly admitted in evidence in view of the counter affidavit of defendants. Booker v. Benson Hardware Co., 216 Ala. 398, 113 So. 256. However, the trial court later announced that it had erred in admitting the sworn statement of account in evidence and sustained defendants' objection thereto. Counsel for plaintiff thereupon announced the withdrawal of the said sworn statement from evidence. In view of such action, we are unwilling to reverse the judgment appealed from because of the initial ruling of the court permitting the introduction of that piece of evidence. Reese v. Mackentepe, 224 Ala. 372, 140 So. 550.

Plaintiff did not offer in evidence any books of account. Aside from the sworn statement of account which, as shown above, was withdrawn from the evidence, the only evidence which plaintiff offered in support of its allegation that the sum of $1,530.48, with interest, was due it by the defendants was the parol testimony of Norville C. McFarland, the general manager of plaintiff's Miami ice cream plant.

Mr. McFarland was permitted to state, over objection, that according to a piece of paper shown to him during the course of his direct examination, the defendants owed the plaintiff the sum of $1,530.48. As indicated above, there was no effort on the part of plaintiff to introduce the piece of paper in evidence and it does not appear in this record on appeal. The witness, McFarland, had previously stated that he was the manager of plaintiff's ice cream plant in Miami; that the records and books of that business were kept under his supervision and that he knew the paper exhibited to him was a true and correct original ledger sheet made in the usual course of business.

We are not concerned here with the question of whether a sufficient predicate had been laid for the introduction of the so-called ledger sheet. See §§ 414 and 415, Title 7, Code 1940.

Even if it be assumed that the ledger sheet would have been admissible if offered, it does not follow that the witness McFarland was correctly permitted to state that the defendants owed the plaintiff the sum of money indicated thereon.

Mr. McFarland had no personal knowledge of the several entries or items and the so-called ledger sheet was not used by him as a means of refreshing his recollection of the events leading up to the making of the entries appearing thereon.

The said ledger sheet was the best evidence of what it portrayed and the witness McFarland should not have been permitted, over the objection of the defendants, to testify as a conclusion that the defendants owed the plaintiff the sum indicated on the paper. Roden v. Brown, 103 Ala. 324, 15 So. 598; American Ry. Express Co. v. Stanley, 207 Ala. 380, 92 So. 642; Solomon v. Rogers, 210 Ala. 423, 98 So. 370; Booker v. Benson Hardware Co., supra; Jones v. Journey, 2 Ala.App. 488, 56 So. 850; Dennis v. State, 16 Ala.App. 115, 75 So. 707; Jones on Evidence, 4th Ed., Vol. 1, § 201, p. 388; 20 Am.Jur., Evidence, §§ 407 and 409, pp. 368 and 369.

Appellants complain of several remarks made by the trial court during the course of the trial. There is no occasion to deal with those remarks on this appeal, as doubtless the same will not occur on another trial. See Great Atlantic & Pacific Tea Co. v. Crabtree, 230 Ala. 443, 161 So. 508.

Appellants also complain of the action of the trial court in refusing a large number of written charges requested by them in writing.

We will not encumber the opinion with a treatment of each charge. We are clear to the conclusion that their refusal does not constitute reversible error. Some were covered by the oral charge and charges given at the request of the defendants. Others were highly argumentative and therefore properly refused. Others were bad in that they limited plaintiff's right to a recovery on a finding that defendants were the owners of the ice cream distribution business. As pointed out above, we are of the opinion that plaintiff could recover under a finding that Simmonds had general authority to buy ice cream products in the name of the defendants or under a finding that defendants knowingly acquiesced in the purchases in their name.

Because of the error indicated above, the judgment of the trial court is reversed and the cause is remanded.

Reversed and remanded.

LIVINGSTON, C. J., and STAKELY and MERRILL, JJ., concur.