151 So.2d 793

**Extra PIERCE**

**v.**

**STATE.**

**6 Div. 894.**

Court of Appeals of Alabama.

March 5, 1963.

Rehearing Denied April 2, 1963.

Wm. Conway, Birmingham, for appellant.

MacDonald Gallion, Atty. Gen., and Bernard F. Sykes, Asst. Atty. Gen., for the State.

JOHNSON, Judge.

Extra Pierce appeals from a jury conviction of fraud under the Alabama Unemployment Compensation Law, Title 26, Section 251, subd. A, Code of Alabama, in the Circuit Court of Jefferson County. Omitting the formal parts, the solicitor's complaint filed on June 6, 1962, is as follows:

"The State of Alabama, by its Solicitor, complains of Extra Pierce That, within twelve months before the commencement of this prosecution, Extra Pierce did willfully make a false statement or representation to an agent of the Department of Industrial Relations of the State of Alabama to obtain or increase a benefit under the Alabama Unemployment Compensation Law for himself, said false statement or representation consisting of a statement by Extra Pierce on or about the 26th day of July, 1960 that he earned no wages within the period ending on July 23, 1960, against the peace and dignity of the State of Alabama."

Title 26, Section 251, provides:

"A. Whoever wilfully make (sic) a false statement or representation, or who wilfully fails to disclose a material fact to obtain or increase any benefit or payment under this chapter * * * for himself * * * whether such benefit * * * is actually received or not, shall be guilty of a misdemeanor * * *.

"F. Prosecutions under this section must be begun within two years from the date of the commission of the offense or offenses described herein."

■ There is no dispute that the prosecution is brought within the required time of two years. However, defendant here urges that the complaint charges that "within twelve months before the commencement of this prosecution", the defendant committed the crime but that the record shows that the prosecution was not begun until March 1, 1962, which is more than 19 months after July 26, 1960, on which day the crime is alleged to have occurred.

The inclusion of "within twelve months before the commencement of this prosecution" in the complaint is surplusage. Code of Ala., Tit. 15, Sec. 237. Haynes v. State, 40 Ala.App. 106, 109 So.2d 738, cert. den. 268 Ala. 546, 109 So.2d 746. Bell v. State, 75 Ala. 25.

Helen P. Jackson, a witness for the State, testified that the statement was made on July 26, 1960, as alleged in the complaint. Therefore, there is no fatal variance.

The overruling of defendant's demurrer was error.

The statute prescribes the offense as being the willful making of a false statement in order to obtain payment. Whether payment is actually received is immaterial. Therefore, the first ground of the demurrer was without merit, but, as set out next in this opinion, ground 2 pointed out the defect that "Said Complaint fails to aver the name of the representative or agent of the Department of Industrial Relations to whom defendant is alleged to have made the statement."

"In Grattan v. State, 71 Ala. 344, Mr. Justice Somerville states the general rule that, where a new offense is created by statute, an indictment describing the offense in the language of the statute, or in words conveying the same meaning, is good, if it is sufficient to allege the facts in the doing or not doing of which the offense consists." Lashley v. State, 236 Ala. 28, 180 So. 724. (Name of injured party was omitted in charge of defendant leaving the scene of an accident without giving his name.)

However, the complaint in the Lashley case was held to be insufficient under a corollary to the rule in the Grattan case.

"In Morningstar v. State, 52 Ala. 405, [Owner of property was not named in larceny case.] the Chief Justice for the court announces the rule that, where an essential averment of the indictment is the name or identity of a third person, the indictment must be certain as to such person * * *." Lashley v. State, supra.

The indictment in Earnest v. State, 40 Ala.App. 344, 113 So.2d 517, properly sets out the name of the agent of the insurance company to whom the defendant made the false pretense.

As stated in Kennedy v. State, 39 Ala.App. 676, 107 So.2d 913, (Complaint was held insufficient to charge resisting arrest.) "under our criminal procedure a prisoner is not entitled to a bill of partic-

ulars * * *." Therefore, in a false pretense case or case similar to false pretense, such as the one here on appeal, the name of the person to whom the alleged statement is made must be given in order to enable the defendant to prepare his defense.

The complaint before us is governed by the rule stated in Morningstar v. State, supra, and is insufficient because the complaint fails to state the name of the agent to whom Pierce made the alleged false statement.

The State's first witness, Mrs. Helen P. Jackson, a clerk in the Birmingham office of the Unemployment Compensation "Department", testified that on July 26, 1960, defendant, Extra Pierce, signed an application for unemployment compensation for the week ending July 23, 1960, on which he certified that he received no wages for that week. The application, introduced as State's Exhibit A, is an electric data processing card (Ben. 102=Pay Order Card) with the printed name of "Extra *Perice*" on the line labelled "Claimant's Name". There is a mark on the line labelled "Claimant's Signature", which appears to be the feeble attempt of a semi-literate person to write. Defendant later in the trial identified this mark as his signature.

State's Exhibit B is a $28.00 unemployment compensation check (Ben 107 UC) for the week ending July 23, 1960, and made out to Extra *Perice* as payee. The back of this check is endorsed with a mark which is similar to the one on the application and which the defendant identified as his signature.

The State's second witness, E. R. Saeger, testified that, as supervisor of the payrolls at the U. S. Pipe and Foundry Company in July of 1960, he received from the Alabama Unemployment Compensation "Department" a written request (Ben— 235) for a breakdown on the earnings of Extra Pierce for the period of time in question. He testified that this request, which he received in November of 1961, is a regular process between the "Department"

and his office, and that he filled it out from his records and returned it. The information given on this form was secondary evidence and in violation of the best evidence rule. The form requesting information about the earnings of Extra *Perice* was marked State's Exhibit C for identification. Defendant objected on the grounds that it was not the best evidence, and, over defendant's timely objections, State's Exhibit C was improperly admitted in evidence.

■ We note that defendant's objection to admission of State's Exhibit C is grounded on violation of the best evidence rule. "[T]he rule * * * requires the production of the best evidence which the nature of the question admits of." Hurt v. State, 23 Ala.App. 269, 125 So. 787.

" '(a) In proving a writing, (b) production must be made, (c) unless it [i. e., production] is not feasible, (d) of the original writing itself, (e) whenever the purpose is to establish its terms' Wigmore, sec 1178." 2 McElroy, Evidence in Alabama, Sec. 202.01 (2d ed. 1962).

Tit. 7, Sec. 415 of Code of 1940 which liberalizes the admissibility of business records and applies to criminal cases (Patterson v. State, 262 Ala. 684, 81 So.2d 349) provides as follows:

"Any writing or record, whether in the form of an entry in a book or otherwise, made as a memorandum or record of any act, transaction, occurrence, or event, shall be admissible in evidence in proof of said act, transaction, or event, if it was made in the regular course of any business, and it was the regular course of the business to make such memorandum or record at the time of such act, transaction, occurrence, or event, or within a reasonable time thereafter. All other circumstances of the making of such writing or record, including lack of personal knowledge by the entrant or maker, may be shown to affect its weight, but they shall not affect its admissibility. The term, 'business' shall include business, profession, occupation, and calling of every kind."

■ Even though a writing meets the requirements of this statute, it is not acceptable into evidence unless it also meets the best evidence rule. Bear v. Swift & Co., 259 Ala. 668, 68 So.2d 718. State Exhibit C is a writing made as a memorandum of the fact that the records of U. S. Pipe and Foundry show that Extra *Perice*, or Extra Pierce, earned $81.58 for the week ending July 23, 1960, and was made 16 months later on November 29, 1961. Even were we to hold that Exhibit C was made in the regular course of business and within a reasonable time after the transaction it purports to record, Exhibit C would not be admissible because Saeger's testimony affirmatively shows that the records made under his supervision are better evidence. Whether those records include a cancelled check or some other receipt for payment of wages to defendant for the week ending July 23, 1960, or merely a statement of the company's payroll account for that week, or other written data, it was incumbent upon the State to produce the best evidence or explain its failure to do so.

For the errors herein pointed out, this cause is

Reversed and remanded.

### On Application for Rehearing

The complaint does not comply with the requirements of Lashley v. State, supra, by only identifying the Department of Industrial Relations of the State of Alabama as the party to whom the alleged false statement was made.

Bear v. Swift & Co., supra, includes the following comment on the evidence: "The witness, McFarland, had previously stated * * * that the records and books of that business were kept under his supervision and that he knew the paper exhibited to him was a true and correct original ledger sheet made in the usual course of business."

The ledger sheet was not offered in evidence and the Supreme Court reversed the judgment because McFarland was allowed to testify as to what it said. Clearly, Saeger's testimony and Exhibit C should have been excluded under the holding in Bear v. Swift & Co., supra.

Our decision is consistent with Nelson v. Lee, 249 Ala. 549, 32 So.2d 22, and Lathem v. Lee, 249 Ala. 532, 32 So.2d 211.

Application for rehearing overruled.