LEIGH M. CLARK, Retired Circuit Judge.
These two cases were consolidated on appeal on motion of the attorney for appellant Hollenquest, the same attorney that represents appellant Smith, who represented each of them in the trial court. We have examined the record proper and the transcript in each of the cases in which there was a judgment of conviction and sentence on defendant’s plea of guilty. The proceedings in both cases were handled by the same trial judge in April 1982 with an intervening period of time of about two weeks. Although the Hollenquest case preceded the Smith case both in the proceedings in the trial court and in the taking of an appeal, the briefs on appeal are to be found in the Smith case only, and for this reason we will discuss the Smith case first, but before concluding this opinion, we will consider each case separately and under separate captions.
MARY JOYCE SMITH, 6 DIV. 894
The indictment charged in pertinent part: “... Mary Joyce Smith ... did knowingly exert unauthorized control over or obtain by deception, to-wit: by misrepresenting to the Alabama State Department of Pensions and Security, or its agents or employees, her household income, or her household composition, property, to-wit: financial assistance in the form of monthly Aid to Families with Dependent Children, to-wit: 9 checks drawn on the account of the Alabama State Department of Pensions and Security at Union Bank and Trust Company and made payable to Mary Joyce Smith from June, 1980, through February, 1981, or the proceeds thereof, the property of the Alabama State Department of Pensions and Security and or the State of Alabama, all or a portion of which seven-hundred twelve dollars ($712.00) dollars, she was not entitled to receive, with the intent to deprive the said owner of the said property, in violation of the Code of Alabama 1975, § 13A-8-4 . ... ”
The only issue raised on appeal is thus stated in appellant’s brief:
“DID THE TRIAL COURT COMMIT REVERSIBLE ERROR IN FAILING TO GRANT TIMELY MOTION OF THE APPELLANT TO DEMUR TO THE INDICTMENT IN THAT THE INDICTMENT FAILED TO ALLEGE THE NAME OF THE AGENT TO WHOM THE MISREPRESENTATION WAS MADE IN ORDER TO OBTAIN ASSISTANCE FROM THE ALABAMA DEPARTMENT OF PENSIONS AND SECURITIES, THEREIN COMMITTING A THEFT?”
The transcript shows that during the early part of the proceeding, the trial court was informed that defendant desired to enter a guilty plea with reservations as summarized by the trial judge as follows:
“... Previous to this day, the day set for trial, motions have been filed and overruled ... There has been a motion, a timely motion, filed by the defense counsel ... to strike the indictment in that it fails to allege in the indictment the name of the agent to whom a misrepresentation was made, which is the basis of the theft charge. The contention of the defense is *1366 that in this theft situation that the State must have alleged the actual person or actual agent, the name of the agent of the Department of Pensions and Security, to whom the alleged misrepresentation was made.
“The Court has overruled that motion, and we are going to take a plea now. We’re going to take a plea now. However, I have informed the defense counsel and the State that matter is preserved for a possible appeal and that question is still reserved for a possible appeal with the Court’s full knowledge. However, we’re going to take a plea, and if the defendant wishes to appeal, they may appeal on that point. They do not waive that right. Okay? Now Mrs. Smith— “THE DEFENDANT: Yes, sir.”
Thereupon, a colloquy ensued among the trial judge, defendant and defendant’s counsel as to whether defendant was voluntarily, intelligently and understandingly pleading guilty to the indictment. During the colloquy, the trial judge explained to her the constitutional rights she would waive by a plea of guilty, received from her an executed Ireland form (Ireland v. State, 47 Ala.App. 65, 250 So.2d 602), and was assured by her and her attorney that she desired to plead guilty and that she fully realized the consequences thereof, including the maximum and the minimum punishment provided by law for the offense. The court accepted the plea of guilty, adjudged defendant guilty and fixed her punishment at “imprisonment for a term of one year and one day,” the statutory minimum for the particular offense. Execution of the sentence was suspended and defendant was “placed on probation for a term of two years.” Among the conditions of probation were that she was to “maintain” her “employment or some other full-time employment,” pay court costs and make restitution in the amount of $1,406, and “pay restitution back to the State of Alabama because of your indigency status and their paying your lawyer for you, whatever that amount is."
In support of appellant’s only contention for a reversal, her attorney relies upon Pierce v. State, 42 Ala.App. 53, 151 So.2d 793 (1963) and Morningstar v. State, 52 Ala. 405 (1875). In Morningstar v. State, it was held that defendant’s demurrer to an indictment for larceny on the ground that it did not name, describe or identify the victim or allege that the victim’s name or identity was unknown otherwise than as stated in the indictment, was erroneously overruled by the trial court, and for that reason the case was reversed. In Pierce v. State, the defendant was charged with having wilfully made “a false statement or representation to an agent of the Department of Industrial Relations of the State of Alabama to obtain or increase a benefit under the Alabama Unemployment Compensation Law for himself” in violation of Code of Alabama 1958, Title 26, Section 251 (now Code 1975, § 25-4-145(a), as follows:
“Whoever wilfully makes a false statement or representation or who wilfully fails to disclose a material fact to obtain or increase any benefit or payment under this chapter, or under an unemployment insurance law of any other state or government, either for himself or for any other person, whether such benefit or payment is actually received or not, shall be guilty of a misdemeanor .... ”
It was held at 151 So.2d 795:
“The complaint before us is governed by the rules stated in Morningstar v. State, supra, and is insufficient because the complaint fails to state the name of the agent to whom Pierce made the alleged false statement.”
Ground 2 of defendant’s demurrer in Pierce v. State asserted that “said Complaint fails to aver the name of the representative or agent of the Department of Industrial Relations to whom defendant is alleged to have made the statement.”
Appellee’s response to appellant’s only contention for a reversal consists of an effort to distinguish Pierce v. State, supra, and the instant case and a counter-contention, “that, in any event, Pierce was incorrectly decided.”
*1367 We respectfully decline to determine the issue now sharply drawn between appellant and appellee, for the reason that our search of the record fails to reveal any ground of demurrer or other challenge of the indictment, by which it is pointed out or claimed by defendant that the indictment was defective by reason of its failure to allege the name of the agent to whom the alleged misrepresentation was made. The closest that defendant comes to assertion of such a ground is to be found in grounds 2, 3 and 4 of defendant’s MOTION TO QUASH, DISMISS OR SET ASIDE THE INDICTMENT:
“2. The offense attempted to be stated in the indictment is not set forth with sufficient clarity and particularity to enable the Defendant to plea thereto or to prepare a defense thereto or to protect her from possible double jeopardy.
“3. The indictment fails to contain the elements of offense intended to be charged; fails to sufficiently apprise the Defendant of what she must be prepared to meet; fails to allege sufficient information to enable the Defendant to reasonably understand not only the nature, but particular act or acts touching which she must be prepared with her proof. “4. The indictment is so vague and inadequate that the Defendant cannot determine with reasonable certainty with what she is charged with. It is therefore a denial of due process under Federal and State Constitutions to try her thereunder.”
THERESA VON HOLLENQUEST, 6 DIV. 129
As to the prosecution or prosecutions against Hollenquest, there were four separate circuit court cases, 82-00231, 82-00232, 82-00233 and 82-00234. All but 82-00233 were nol-prossed on motion of the State. The indictment therein is not materially different from the indictment in the Smith case. All challenges of the indictment are precisely the same as in the Smith case. The defendant Hollenquest, like the defendant Smith, was sentenced to imprisonment for one year and one day, which sentence was suspended and she was placed on probation for two years.
We must be governed by the record before us and not by the apparent understanding among the court and the attorneys for the parties as to the ground or grounds of defendants’ demurrer or other written documents filed by them whereby the sufficiency of the indictments was challenged. In our opinion, the record does not show any valid ground of demurrer or other challenge by defendants of the indictments. Although there was an apparent misunderstanding among the trial judge and the attorneys as to the contents of the written challenges of the indictments for the parties, there has been no error prejudicial to either of the defendants, and the judgment of the trial court of conviction and sentence of each defendant-appellant should be affirmed.
The foregoing opinion was prepared by Retired Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under the provisions of § 6.10 of the Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court.
AFFIRMED.
All the Judges concur.