HARRIS, Judge.
This is a welfare fraud case in which Alice Freeman Horne was convicted of obtaining money under false pretenses and sentenced to three years’ imprisonment with no probation.
The appellant argues that her prosecution for welfare fraud did not comply with the applicable statute of limitations. Two cases are controlling on this issue. In Smith v. State, 409 So.2d 927 (Ala.Cr.App.1981), cert. denied, 409 So.2d 930 (Ala.1982), we held that the state could elect to prosecute a welfare fraud, of the type presented herein, as an offense of obtaining personal property or money by false pretenses. In Griffin v. State, 352 So.2d 847 (Ala.1977), affirming, 352 So.2d 843 (Ala.Cr.App.), the Alabama Supreme Court explained that the three-year statute of limitations applies to felony false pretense offenses, and that an offense consisting of repeated false representations, and the repeated acquisition of money due to such misrepresentations, was one of a continuing nature, not completed until the last such misrepresentation or money acquisition was made.
The state presented evidence that the appellant repeated certain misrepresentations as late as October, 1979, and received welfare benefits after that date. Under such circumstances, appellant’s indictment for the instant offense on Febru *1069 ary 11, 1982, was in compliance with the applicable three-year statute of limitations. See, Griffin v. State, supra.
Omitting the formal parts, the indictment stated as follows:
“Alice Freeman Horne, whose name is to the Grand Jury otherwise unknown than as stated, did falsely pretend to the Alabama State Department of Pensions and Security, or its agents or employees, with intent to defraud, that her household income was less than it actually was, or that her household composition was greater than it actually was, and by means of such false pretense obtain from the Alabama State Department of Pensions and Security, or the State of Alabama, property, to-wit: food assistance in the form of Food Stamps, from January, 1977, through December, 1979, the property of the Alabama State Department of Pensions and Security, or the State of Alabama, or the United States of America, all or a portion of which property, the value of, to wit: four-thousand seventy dollars ($4070.00) dollars, she was not entitled to receive, against the peace and dignity of the State of Alabama.”
The appellant contends that this indictment was deficient in that it failed to allege “sufficient facts as to the alleged offenses charged so that the defendant was properly informed of that which she was called upon to defend.” We agree.
“An indictment should be specific in its averments in four prime aspects ...: (a) to identify the accusation lest the accused should be tried for an offense different from that intended by the grand jury; (b) to enable the defendant to prepare for his defense; (c) that the judgment may inure to his subsequent protection and foreclose the possibility of being twice put in jeopardy for the same offense, and (d) to enable the Court, after conviction, to pronounce judgment on the record.” (Emphasis added.)
Summers v. State, 348 So.2d 1126, 1132 (Ala.Cr.App.), cert. denied, 348 So.2d 1136 (Ala.1977), cert. denied, 434 U.S. 1070, 98 S.Ct. 1253, 55 L.Ed.2d 773 (1978).
Although the nature of the charge against the appellant is stated in the indictment, the facts relating to the offense are not specific enough “to enable the defendant to prepare for her defense.”
In spite of the state’s argument to the contrary, we have found no way to distinguish this case from Pierce v. State, 42 Ala.App. 53, 151 So.2d 793 (1963). The indictment in Pierce stated as follows:
“The State of Alabama, by its Solicitor, complains of Extra Pierce That, ..., Extra Pierce did wilfully make a false statement or representation to an agent of the Department of Industrial Relations of the State of Alabama to obtain or increase a benefit under the Alabama Unemployment Compensation Law for himself, said false statement or representation consisting of a statement by Extra Pierce on or about the 26th day of July, 1960 that he earned no wages within the period ending on July 23, 1960, against the peace and dignity of the State of Alabama.”
The Pierce indictment, in specifying a single transaction, a particular false statement, and the date of the transaction, was quite a bit more specific than the indictment now before us. Nevertheless, the Court held that the complaint in Pierce was insufficient. The Court stated that “in a false pretense case or case similar to false pretense, such as the one here on appeal, the name of the person to whom the alleged statement is made must be given in order to enable the defendant to prepare his defense.” Pierce v. State, supra. On application for rehearing the Court foreclosed the argument raised in the state’s brief in the instant case by stating that the indictment was not saved by “identifying the Department of Industrial Relations of the State of Alabama as the party to whom the alleged false statement was made.” Pierce v. State, supra.
We are persuaded by Pierce and convinced under the circumstances of the instant case that the indictment herein is *1070 insufficient because it fails to meet the standards quoted above from Summers v. State, supra. The appellant was left to speculate as to the particular incidents) with which she was charged.
In Bailey v. State, 159 Ala. 4, 48 So. 791 (1909), a case cited by neither the state nor the appellant, the Court held that an indictment was not defective simply because it alleged that a false pretense was made to a corporation, the Louisville & Nashville Railroad Company, without naming the specific person to whom the false representation was made. The Bailey opinion, however, does not contain the indictment that it upheld. For aught that appears, the indictment in Bailey was sufficient to enable the defendant to prepare his defense, even though it did not specify the particular person to whom the false representation was made. We assume, therefore, that it is not in conflict with Pierce or with our holding herein.
For examples of “false pretense” eases in which the specific misrepresentations have been properly alleged see: Bosworth v. State, 28 Ala.App. 538, 189 So. 794 (1939); Rohme v. State, 339 So.2d 620 (Ala.Cr.App.1976), and cases cited therein.
We acknowledge but need not address appellant’s other arguments on this appeal.
Because the indictment was insufficient, the trial court erred in denying appellant’s “Motion to Quash, Dismiss or Set Aside the Indictment.” Therefore, this cause is due to be reversed and remanded.
REVERSED AND REMANDED.
All the Judges concur, except SAM TAYLOR, J., who dissents with an opinion, in which HUBERT TAYLOR, J., joins.