FAULKNER, Justice.
The defendant was arrested for welfare fraud and charged with obtaining money under false pretenses. We granted certio-rari to review a decision by the Court of Criminal Appeals, 453 So.2d 1068, that the indictment by which charges were brought against this defendant was defective because it failed to name the person at the Department of Pensions and Security to whom the false statements were allegedly made. The indictment charged, inter alia, that:
“Alice Freeman Horne, whose name is to the Grand Jury otherwise unknown than as stated, did falsely pretend to the Alabama State Department of Pensions and Security, or its agents or employees, with intent to defraud, that her household income was less than it actually was, or that her household composition was greater than it actually was, and by means of such false pretense obtain from the Alabama State Department of Pensions and Security, or the State of Alabama, property, to-wit: food assistance in the form of Food Stamps, from January, 1977, through December, 1979, the property of the Alabama State Department of Pensions and Security, or the State of Alabama, or the United States of America, all or a portion of which property, the value of, to wit: four-thousand seventy dollars ($4070.00) dollars, she was not entitled to receive, against the peace and dignity of the State of Alabama.”
The Court of Criminal Appeals ruled that, although the nature of the charge against the defendant was stated in the indictment, the facts relating to the offense were not stated specifically enough “to enable the defendant to prepare her defense.” The court based its decision on Pierce v. State, 42 Ala.App. 53, 151 So.2d 793 (1963). Pierce was charged with fraudulently obtaining unemployment benefits. In Pierce, the Court of Appeals ruled that the indictment under which Pierce was charged was insufficient because it failed to state the name of the agent of the Department of Industrial Relations to whom the statements were allegedly made. The indictment charged that:
“Pierce did wilfully make a false statement or representation to an agent of the Department of Industrial Relations of the State of Alabama to obtain or increase a benefit under the Alabama Unemployment Compensation Law for himself, said false statement or representation consisting of a statement by Extra Pierce on or about the 26th day of July, 1960 that he earned no wages within the period ending on July 23, 1960, against the peace and dignity of the State of Alabama.”
42 Ala.App. at 54, 151 So.2d 793.
The Court of Criminal Appeals recognized that its decision in the present case might be in conflict with a prior opinion of this Court, Bailey v. State, 159 Ala. 4, 48 So. 791 (1909). In Bailey the defendant was charged with obtaining money under false pretenses from the L & N Railroad Company. The issue was the same one presented in Pierce and in the case at bar, viz., whether the indictment was subject to demurrer because it failed to state the name of the person to whom the statements were made. This court ruled that naming the corporation which was defrauded was sufficient. The Court of Criminal Appeals attempted to distinguish Bailey from the present case by this reasoning:
“The Bailey opinion, however, does not contain the indictment that was upheld. For aught that appears, the indictment in Bailey was sufficient to enable the de *1072 fendant to prepare his defense, even though it did not specify the specific person to whom the false representation was made. We assume, therefore, that it is not in conflict with Pierce or our holding here.”
We disagree. Although the indictment was not reproduced in the Bailey opinion, it is apparent from this Court’s opinion in that case that the indictment did not name the L & N employee in question. Neither the court below nor the defendant suggested what sort of facts the indictment might have contained which would overcome the failure to name the individual. Nor did the defendant persuade us that she was, in fact, hampered in the preparation of her defense by the omission. She acknowledged that during discovery she was furnished with copies of the Department’s documents on which the State intended to rely at trial. We opine that the Court of Criminal Appeals went too far in ruling that, as a matter of law, an indictment charging a defendant with obtaining money by false pretenses from the Department of Pensions and Security must contain the name of the employee with whom the defendant dealt.
In Adkins v. State, 291 Ala. 695, 287 So.2d 451 (1973), this Court ruled that an indictment charging the defendant with selling marijuana was not defective because it failed to name the vendee. We see no more reason to require the name of the person with whom this defendant dealt at the Department of Pensions and Security in this case than there was to name the purchaser of the marijuana in Adkins.
The decision of the Court Criminal of Appeals is hereby reversed and the case remanded.
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, JONES, SHORES, EMBRY, BEATTY and ADAMS, JJ., concur.
ALMON, J., concurs in the result.