ON APPLICATION FOR REHEARING
LEIGH M. CLARK, Retired Circuit Judge.
Appellant’s counsel invites our attention to an inaccuracy of the writer of the opinion on original submission in stating that only three issues were presented in the brief of counsel for appellant. We make a correction thereof by stating that in one copy of appellant’s brief on original submission two additional issues were presented, which were not included in another copy of appellant’s brief, but which will hereinafter be discussed.
Appellant’s attorney has invoked Rule 39(k), Alabama Rules of Appellate Procedure, by submitting a document captioned as a “CORRECT STATEMENT OF THE FACTS.” Although we believe the statement of the facts on the opinion on original submission was correct and sufficient, we comply with appellant’s request by incorporating herein the following statement submitted by appellant’s attorney:
“On or about the 22nd day of June, 1983, Mrs. Barbara Rouse was employed at the Quality Inn as a front desk manager, supervisor and reservations clerk. She stated that Appellant came into the hotel to register a room for a few days, and that she allowed him to do so. She also stated that she did not know or recognize the man at the time but that she did recognize him as being the defendant in the trial below.
“Ms. Rouse identified a bill for services in the amount of $260.21, which she claims was never paid. She further stated that Appellant called her on the phone at the desk but she did not state that she was able to identify his voice.
“Ms. Rouse allowed the man whom she claimed to be truly identified as Appellant to register into the hotel without advance payment or credit card — which is something a little out of the ordinary for her type of business. She further testified that she did not work the desk, nor did she deal entirely with Appellant during his stay at the motel. So she was not real familiar with the total situation and a substantial amount of her information about Appellant was derived from what she was told.
*1254 “Ms. Rouse stated that the hotel bill was sent to an address of the name of the persoi who was listed on the bill as being responsible, and that said bill was not returned ‘not found.' Furthermore, the person was allowed to stay in the motel for three full days without being evicted or asked to pay, or being recorded as paying any money on the room. Neither did she check or register the automobile in which the person was driving or any possible others in the room at the same time. She did not state that she had personally checked the address listed to determine whether Ronald Napier really exists, or that she attempted to contact him in reference to the bill with his name on it.
“Ms. Rouse testified that other hotel personnel dealt with the situation and tried to resolve the matter amicably before threatening criminal prosecution.”
One of the issues presented in one copy of the brief of counsel for appellant that was not discussed by the writer of the original opinion was thus captioned:
“THE TRIAL COURT ERRED IN ALLOWING THE IMPROPER INTRODUCTION OF IRRELEVANT AND GROSSLY PREJUDICIAL EVIDENCE.”
This issue presented in one coy of appellant’s brief is divided into two parts, captioned A and B. Under A, the argument in full is as follows:
“During the trial below, the trial court allowed the State of Alabama to introduce certain unreliable hotel records through its witness Barbara Rouse, which were grossly inflammatory and prejudicial towards Appellant; thus, the error was reversible in that it seriously impaired Appellant’s rights.
“The hotel records were admitted against Appellant; however, they were not in his name, nor was the best evidence rule satisfied in their introduction into evidence. The witness could not testify to facts stated on the face of the documents nor did she prove that Appellant signed or was responsible for these records. Therefore, Appellant’s conviction is due to be reversed.”
The testimony of Ms. Rouse covered about thirty-five pages of the transcript of the proceedings. Nothing is found in the record proper or in the transcript that justifies the contention that the hotel records were “unreliable” as characterized in appellant’s issue IV A. The apparent grounds of appellant’s criticism are varied and diverse. The criticism that the records were not in the name of defendant is correct, but the statement that it was not shown “that Appellant signed or was responsible for these records” is incorrect. Whether appellant’s attorney contends by Issue IV A, that business records are not admissible in criminal cases, we are unable to determine. However, if so, such contention is incorrect. As stated in. Neal v. State, Ala.Cr.App., 372 So.2d 1331, 1342, (1979), per Judge Harris:
“Business records are admissible in both civil and criminal cases. McElroy’s Alabama Evidence, Section 254(6) (Third Edition 1977); Patterson v. State, 262 Ala. 684, 81 So.2d 349 [1955]; Pierce v. State, 42 Ala.App. 53, 151 So.2d 793 [1963].”
We find no merit in appellant’s Issue IV A. Furthermore, we find no merit in appellant’s Issue IV B, as to which the following is the only argument made:
“The trial court erred in allowing Appellant to be tried on the instant offense, since the action is essentially civil in nature. This was argued to the jury in the closing argument that a man should not be charged criminally for a civil debt such as a $250.00 hotel bill. This is violative of one’s constitutional right to liberty and due process of law, as well as equal protection. The hotel could easily have brought a civil action against Appellant, and it was extortionate to cause Mr. Saranthus to be prosecuted for this alleged offense.
“Furthermore, Appellant further asserts that in view of the trend in case law in jurisdictions throughout the United States, the Habitual Offender Statute *1255 should not have been applied in the instant case below, since the offense is civil in nature. The application of this recidivist statute in the sentencing of Appellant was in direct violation of the due process, equal protection, and cruel and unusual punishment clauses of the Constitutions of the United States and of Alabama, and must be reversed.”
By Issue V contained in appellant’s brief, it is stated, “THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN INSTRUCTING THE JURY AS TO THE LAW IN THE TRIAL BELOW.” The following is the entire argument as to this issue in the brief of counsel for appellant:
“During its oral charge to the jury in the instant case, the trial court stated as follows:
“ ‘And one of the things that the State is required to prove and that each one of you individually must believe and the twelve of you as a body must believe beyond a reasonable doubt in order for you to bring in a verdict of guilty of theft of property by deception, second degree as charged in this indictment? (Emphasis added.) ...’ (R. 83).
“Since Appellant was charged with Theft of Services, second degree, this charge to the jury was plainly erroneous, as well as confusing to the members of the jury. Also, the entire charge was argumentative in favor of the State, as evidenced in the following:
“ ‘You can recognize the difficulty of proving any fact that’s dependent upon human testimony beyond all possible doubt. There could always be a doubt attached to a human’s testimony, because all of us are capable of making mistakes. And some of us, unfortunately, are capable of lying-deliberately and intentionally. So the law only requires that the State prove guilt beyond a reasonable doubt ... ’ (R. — 83-84).
“This was clearly improper and erroneous by the trial court and its entire charge consisted essentially of arguing the State’s case against Appellant. Furthermore, the Court’s charge regarding lying testimony was improper and preju-dicially suggestive towards Appellant; the Court further added unnecessary matters which directly prejudiced Mr. Saranthus. The total underlying crux of the Court’s charge was the suggestivity that Appellant committed the alleged offense, and was a person unworthy of a favorable consideration by the jury. This narrative charge inflamed the jury and seriously impaired Appellant’s constitutional right to a fair trial. For the foregoing reasons, the conviction below is due to be reversed.”
In the brief of counsel for appellee as to Issue V A, the following statement is made, “The State submits that Appellant did not take exception to the Court’s oral charge at the appropriate time, and therefore, he waived any defect in the Court’s charge.” We do not agree with counsel for appellee as to this statement, for we note that counsel for appellant complained to the trial judge when asked if she had any exceptions by answering in a statement of approximately the length of a page of the transcript, which commenced thus, “Yes, sir, Judge. We object to the jury charge about lying, when you were talking about reasonable doubt and what constitutes doubt and how you said to the members of the jury that whether a witness is lying, you can take that into consideration, and_” Neither do we agree with counsel for appellant as to the contention that part of the court’s oral charge shown above constituted error prejudicial to defendant.
The application for rehearing should be overruled.
OPINION EXTENDED; APPLICATION FOR REHEARING OVERRULED.
All the Judges concur.