Grafton, Mar. 1, 1949. } No. 3816.

STATE *v*. ARTHUR PARADY *& a.*

*Robert A. Jones*, County Solicitor, and *Joseph Moore* (*Mr. Moore* orally), for the State.

*Cotton, Tesreau & Stebbins* (*Mr. Tesreau* orally), for the defendants.

JOHNSTON, J. The applicable statute is section 13 of chapter 427 of the Revised Laws. "All . . . indictments, except . . . [grand larceny not within the exception], shall be filed or found within six years after the offense is committed . . . "

The indictments are accordingly barred and should be quashed, "Some of the statutes provide that the indictment must be found or the information instituted within a specified time after the commission of the offense, in which case the prosecution is barred if the indictment is not found or the information instituted within the time prescribed, and the statute is not tolled by the filing of a complaint before a magistrate, or the issuance of a warrant by him, even though the accused is arrested and a preliminary examination is held and he is bound over." 1 Brill, Cyclopedia Criminal Law, 375, 376. After citing certain cases in support of this proposition, the author refers also to *State* v. *Arlin*, 39 N. H. 179.

A similar statement of the law with citation of cases in point is to be found in 22 C. J. S. 365.

Concerning a claim that the fraudulent concealment of his crime by the defendant interrupted the bar of the statute (G. L., *c*. 260, *s*. 8), it was said in *State* v. *Nute*, 63 N. H. 79, 80: "The only exception in the statute is that of the defendant's want of usual and public residence within the state during the time the statute would otherwise run, and the state concedes that the case is not within this exception."

In view of the result reached, it is unnecessary to consider arguments relating to the definiteness of the indictments. *State* v. *Clapp*, 94 N. H. 62.

*Indictments quashed.*

All concurred.