**UNITED STATES of America,
Appellee,**

v.

**Andy ANDREAS, Appellant.**

**No. 71–1414.**

United States Court of Appeals,
Eighth Circuit.

Submitted March 23, 1972.

Decided April 11, 1972.

Gino P. Negretti, Miami, Fla., on brief, for appellant.

Bert C. Hurn, U. S. Atty., and William A. Kitchen, Asst. U. S. Atty., Kansas City, Mo., on brief for appellee.

Before GIBSON, HEANEY and ROSS, Circuit Judges.

GIBSON, Circuit Judge.

Defendant was convicted in a jury trial of use of the mails and interstate wire communications to further a scheme to defraud in violation of 18 U. S.C. §§ 1341 and 1343. He does not contest the sufficiency of the evidence to support his conviction. Three issues are raised on appeal.

First, defendant contends that the prosecution is barred by the five-year statute of limitations. The indictment was returned on October 2, 1970. It alleged that the defendant devised a scheme to defraud on or about August 15, 1965, which continued until April 18, 1966; it further alleged the specific use of the mails and wire communications on numerous dates commencing October 28, 1965, and ending February 4, 1966. Defendant does not deny that these events occurred and admits that the authorities uniformly hold that under these circumstances the prosecution has been timely brought. Nevertheless, he invites us to reconsider this holding. We decline the invitation and adhere to the views expressed by Mr. Justice (then Judge) Blackmun in United States v. Gross, 416 F.2d 1205, 1210 (8th Cir. 1969): "The fact a scheme may extend back beyond the limitation period does not outlaw an offense committed in furtherance of that scheme within the period." (Citations omitted.)

Next, defendant contends he was denied his Sixth Amendment right to a speedy trial by the unnecessary delay of the Government in bringing the indictment in the instant case. He alleges that the Government had acquired all of the evidence in the instant case in the summer of 1966, and that no reason is present in the record to excuse the delay in bringing the indictment until October 1970. The Government answers that the delay in this case was caused by the fact that it was unable to locate the defendant to obtain his explanation of the facts alleged until June of 1970, since he constantly moved around the country during that period and was actually out of the country much of the time. Defendant replies that he at all times left forwarding addresses, so that the Government could have reached him if it had tried. We need not resolve the conflict in this argument, for this contention has been decided against the defendant in the recent Supreme Court case of United States v. Marion, 404 U. S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971).

In that case, the Supreme Court held that the Sixth Amendment right to a speedy trial only applies to the length of time occurring between indictment and trial and does not apply to pre-indictment delay; the defendant does not suggest that there was any unreasonable delay between the indictment and the trial. The Supreme Court also held in that case that under certain circumstances, the due process clause might be violated by unreasonable delay in bringing the indictment, but in such a case the defendant must show actual prejudice resulting from the delay. No such prejudice has been alleged by the defendant in the instant case, and none is apparent from the record.

Finally, the defendant contends that his conviction must be reversed because no warrant for his arrest was issued, thus violating the Fourth Amendment and Rule 9, Federal Rules of Criminal Procedure. The short answer to this is that the record shows that a warrant was issued on October 2, 1970. Moreover, defendant's motion to dismiss the indictment on the grounds that a warrant had not been issued was not made to the trial court until after the trial had commenced, the jury impanelled, and the Government's first witness (one of the principal victims of defendant's fraudulent scheme) had testified. Under these circumstances, the defendant has waived his right to object to the trial court's jurisdiction over his person. But, in any event, the trial court had jurisdiction over his person. Sewell v. United States, 406 F.2d 1289, 1292 (8th Cir. 1969).

The judgment is affirmed.