This case is before the Court upon writ of certiorari to review the conviction of George Sterling Griffin of obtaining property by false pretenses. The primary questions raised concern the applicability and timing of the statute of limitations. The trial Court found that the statutory period had not been exceeded, and this was affirmed by the Court of Criminal Appeals. We affirm. *Page 849 
In November of 1970, Dr. John Sims negotiated with the Appellant-Defendant, George Griffin, regarding the purchase by Griffin of five to eight acres of land owned by Sims. Agreements concerning this sale were superseded by a tri-party contract entered into by Sims, Sterling Manor, Ltd., and Residential Planners, Inc. Griffin was the general partner of Sterling Manor and the president of Residential Planners. Sterling Manor agreed to purchase Sims' acreage for $150,000; Residential Planners agreed to construct a new residence for Sims for $45,537. Because Griffin was the alter ego of both companies, it was agreed that one of the payments from Sterling Manor to Sims would be satisfied by the construction of his house by Residential Planners.
On August 24, 1971, Sims gave Griffin a check for $8,530 as partial payment for the house. When, in August or September of 1972, Sterling Manor gave Sims two checks (one for $6,500 and one for $37,000) as the second yearly installment on the acreage purchase price, Sims endorsed the $37,000 check to Griffin to pay the balance owed on the new residence. At this time, Griffin gave Sims the deed to the property. As per prior conversations between the parties, the deed contained a provision stating that the residence property was free of encumbrances.
In January, 1973, Sims discovered that a mortgage had been placed against his house and property. Apparently, Griffin had obtained this mortgage from Guaranty Savings Loan Association to secure a construction loan. He had paid several installments, but the mortgage was due to be foreclosed for arrearages when Sims discovered it. Sims paid the arrearages and continued to pay the mortgage debt. Griffin first claimed there was a "mix-up"; then, admitting the existence of the mortgage, assured Sims he would satisfy the debt; and finally gave Sims an admittedly worthless check as security for his payment of the mortgage.
On January 30, 1975, Sims swore out a warrant against Griffin charging that he obtained property by false pretenses. The jury found Griffin guilty and he was sentenced to five years in the penitentiary.
Griffin contends that the statute of limitations had expired prior to the commencement of this prosecution because the three-year limitations period begins to run from the commission
of the offense. The State argues that, because this offense is a type of fraud, the statutory period should not begin until the crime is discovered. As authority for this proposition, the State asks this Court to analogize this situation with that of civil fraud. This appears to be a matter of first impression in this jurisdiction.
After a thorough examination of our statutes, and an extensive investigation of the case law of other jurisdictions, we conclude that the contentions of the State are fallacious for two reasons. First, the applicable statute of limitations, Tit. 15, § 221, Code, provides:
 "The prosecution of all felonies, except those specified in sections 219 [dealing with capital offenses and other unrelated offenses] and 220 [dealing with conversion of State or County funds] of this title, must be commenced within three years next after the commission of the offense." (Emphasis added.)
The plain language of this statute cannot be ignored. Adams v.Mathis, Ala., 350 So.2d 381 (1977); and Morgan CountyCommission v. Powell, 292 Ala. 300, 293 So.2d 830 (1974). If this case is within this statute, the limitations period for criminal false pretenses is three years from the date of commission.
The offense of obtaining property by false pretenses is punishable the same as larceny. Tit. 14, § 209, Code. For this reason, it is a felony if the accused obtained personal property, in this manner, valued in excess of twenty-five dollars. Tit. 14, § 331, Code. Therefore, because a felony is charged, and the case does not fall within the confines of sections 219 or 220, section 221, as above stated, must apply. *Page 850 
The only exception[1] to this limitations provision is found in Tit. 15, § 226, Code. This section, however, merely pertains to lost or mislaid indictments or those dismissed because of a variance. It is apparent, then, that this case does not fall within the exception. For this reason, it must be presumed that section 221 is wholly applicable and we can make no new exception because the enumeration of certain things in a statute implies the exclusion of all others. Adams, supra;People v. Criswell, 12 Ill. App.3d 102, 298 N.E.2d 391 (1973);State v. Weiler, 338 S.W.2d 878 (Mo. 1960); and State v.Parady, 95 N.H. 417, 64 A.2d 319 (1949). The creation of such an exception falls exclusively within the prerogative of the Legislature.
The second reason the statute must be deemed to begin to run from the commission of the crime is the very nature of what is a crime. A crime is committed only when all its essential elements are present and complete. Pendergast v. United States,317 U.S. 412, 63 S.Ct. 268, 87 L.Ed. 368 (1943). The offense of obtaining property by false pretenses consists of the pretense; its falsity; obtaining property by reason of the pretense; and the intent to defraud. Tit. 14, § 209, Code; Mitchell v. State,56 Ala. App. 718, 325 So.2d 509 (1975). Knowledge on the part of the victim is not required. Therefore, the date the crime was discovered is irrelevant. The statute of limitations begins to run with the commission of the crime, this being the date when all the above requisites coalesce. See generally 77 A.L.R.3d 689.
This does not end our inquiry into the case at bar, however. It is settled that an offense may be of a continuing nature. Where the acts, when consolidated, constitute but one offense, that crime should be the one with which the accused is charged.Pendergast v. United States, 317 U.S. 412, 63 S.Ct. 268,87 L.Ed. 368 (1943); Troup v. State, 51 Okla. Cr. 438, 2 P.2d 591
(1931); and 35 C.J.S. False Pretenses § 22. Similarly, if several acts form but one element of an offense, the offense is not complete until the last of such acts has been performed.United States v. Ashdown, 509 F.2d 793 (5th Cir. 1975); UnitedStates v. Andreas, 458 F.2d 491 (8th Cir. 1972); Carroll v.United States, 326 F.2d 72 (9th Cir. 1963); and 22 C.J.S.Criminal Law § 227 (1). Cf., Johnson v. State, 49 Ala. App. 389,272 So.2d 597 (1973); and Hendrix v. State, 17 Ala. App. 116,82 So. 564 (1919).
In the case at bar, the false representation that there were no encumbrances upon the property was made several times. The objective of these representations was to obtain the purchase price of the residence. The payment of the first check was merely partial payment. The representation was repeated and more funds were obtained. Both payments were part of the same transaction. See Beasley v. State, 59 Ala. 20, (1877). Because the last act (the final payment) was performed in either August or September of 1972, and the warrant was issued in January, 1975,[2] the three-year statute of limitations has been complied with.
Moreover, it is unimportant that the first payment, if taken alone, would be beyond *Page 851 
the statutory period; and this for the reason that where the offense is continuous, the statute of limitations does not apply where some portion of the crime is within the period, although another portion thereof is not. United States v.Andreas, supra; People v. Adams, 106 Ill. App.2d 396,245 N.E.2d 904 (1969); and 22 C.J.S. Criminal Law § 227 (1).
Griffin further contends that there is a material variance between the indictment and the evidence. This argument pursues the familiar maxim of harmony between allegata et probata. The efficacy of this argument, however, is dependent in some measure upon our holding as regards the limitations question. Because of the view we have taken concerning that issue, the majority of this argument is now moot.
Any remaining viability concerning Griffin's final contention must fail when viewed in light of copious case material on the subject.
 "The amount of money or value of property taken in this offense is important in identifying the transactions and also in determining whether the punishment on conviction is to be treated as for grand or petty larceny. See Code 1940, T. 14, § 209. But plus or minus figures otherwise go only to credibility of testimony." Burnett v. State, 50 Ala. App. 630, 634, 282 So.2d 70, 73 (1973).
See, also, Hope v. State, 5 Ala. App. 123, 59 So. 326 (1912). Proof as to the falsity of every pretense is not needed.Beasley, supra. It is sufficient to prove so much of an indictment as shows that the defendant has committed a substantial offense specified therein. Blakeney v. State,244 Ala. 262, 13 So.2d 430 (1943); Stone v. State, 55 Ala. App. 663, 318 So.2d 359 (1975); Parks v. State, 46 Ala. App. 722,248 So.2d 761 (1971); and Fuller v. State, 39 Ala. App. 219,96 So.2d 829 (1957).
Because there is no substantial variance between the evidence elicited and the indictment, and because the case was commenced within three years from the final act of the continuing transaction, thus complying with the statute of limitations, the decision of the Court of Criminal Appeals is due to be affirmed.
AFFIRMED.
All the Justices concur except BEATTY, J., who concurs in the result.
[1] The Legislature created the exception for fraud in civil cases. Tit. 7, § 42, Code. The presence of such a statute infers the necessity of it; the absence of one for criminal fraud infers that the Legislature sees no need to toll the limitations period in criminal cases. Moreover, it should be noted that the statute of limitations applicable to a civil case for fraud is one year, while the applicable period of limitations for the criminal offense of false pretense is three years.
[2] In criminal prosecutions, two questions of time are involved. These are: when was the offense committed; and, when was the prosecution begun. Richardson v. State, 215 Ala. 318,111 So. 204 (1926); and Davis v. State, 33 Ala. App. 601, 35 So.2d 621
(1948). The date of the "commencement" of the prosecution is the date of the issuing of the warrant. Tit. 15, § 225, Code;Richardson, supra; and Sherrod v. State, 14 Ala. App. 57,71 So. 76 (1916). This is true even though a subsequent indictment is found, as long as the same offense is charged in both. Jacksonv. State, 106 Ala. 136, 17 So. 349 (1894). *Page 1090