McMILLAN, Judge.
The State contends that the trial court erred in the dismissal of its indictment against Annie Steele for theft in the first degree. The grounds set forth by the trial court for the dismissal are as follows:
“The Court finds that where there is a time period alleged in this indictment, part of which would be barred by the statute of limitations, the indictment is defective.”
In its indictment, the State charged Annie Steele with misrepresenting her economic circumstances to the Department of Pensions and Security in an effort to receive food stamps totaling $18,219.00 to which she was otherwise unentitled. The alleged misrepresentations were said to have occurred on January 9, 1980, February 13, 1981, June 29, 1981, November 9, 1981, February 11, 1982, June 9, 1982, October 21, 1982, March 15, 1983, September 13, 1983, and April 3, 1984. The trial court dismissed the indictment as defective because part of the transaction and alleged misrepresentation occurred outside the three-year statute of limitations period for such an offense. See § 15-3-1, Code of Alabama (1975).
It is the State’s contention that Annie Steele’s misrepresentations constituted a continuous offense which would thereby bring the indictment into compliance with the statute of limitations period. We agree. This court, in Horne v. State, 453 So.2d 1068 (Ala.Cr.App.1983), reversed on *875 other grounds, 453 So.2d 1070 (Ala.1984), stated:
“In Griffin v. State, 352 So.2d 847 (Ala. 1977), affirming, 352 So.2d 843 (Ala.Cr. App.), the Alabama Supreme Court explained that the three-year statute of limitations applies to felony false pretense offenses, and that an offense consisting of repeated false representations, and the repeated acquisition of money due to such misrepresentations, was one of a continuing nature, not completed until the last such misrepresentation or money acquisition was made.”
In light of this case, the alleged misrepresentation made by Annie Steele would be within the three-year statutory period of limitations.
REVERSED AND REMANDED.
All the Judges concur.