842 So.2d 42 (2002)
Ex parte State of Alabama.
(In re STATE of Alabama
v.
R.R.A.)
CR-01-1048.
Court of Criminal Appeals of Alabama.
August 9, 2002.
Eleanor Brooks, district atty., and Thomas Fields, deputy district atty., for petitioner.
William R. Blanchard, Montgomery, for respondent.
PER CURIAM.
The State of Alabama filed this petition for a writ of mandamus directing Judge Johnny Hardwick to rescind his order allowing R.R.A. to be considered for treatment under the youthful offender act (hereinafter referred to as the "YOA"). R.R.A. was indicted for theft of property for allegedly stealing money, an amount totaling $53,443, from Max Federal Credit Union while he was employed at Max Federal Credit Union as an items processing clerk. R.R.A. turned 21 years old on February 5, 2001. The acts occurred between December 11, 2000, and May 17, 2001. The acts began when R.R.A. was under the age of 21 but ended after R.R.A. celebrated his twenty-first birthday. R.R.A. applied for consideration under the YOA. Judge Hardwick held that because R.R.A. was under 21 years of age at the time that the acts forming the basis of the charge began he would consider R.R.A.'s application for treatment under the YOA. The State, arguing that the acts constituted a continuing offense and that R.R.A. did not complete the offense until after he reached the age of majority, objected. After failing to obtain relief in the circuit court, the *43 State filed this petition for a writ of mandamus.
The indictment against R.R.A. charged as follows:
"The Grand Jury of said County charge that, before the finding of this indictment, [R.R.A.], whose name is otherwise unknown to the Grand Jury, did knowingly obtain by deception control over lawful currency and/or coinage of the United States of America, a better description of which is unknown to the Grand Jury, of some value greater than $1,000.00, the property of MAX Federal Credit Union, a government regulated corporation, with intent to deprive the owner of the property, in violation of Section 13A-8-3 of the Code of Alabama."
R.R.A. was charged with theft by deception. A person commits the crime of theft by deception when he/she "[k]nowingly obtains by deception control over the property of another, with intent to deprive the owner of his property." See § 13A-8-2(2), Ala.Code 1975.
The State argues in its petition that the offense was a continuing offense and that it was not completed until after R.R.A. reached the age of 21; therefore, the State says, he was not eligible for treatment under the YOA. R.R.A. states in his answer to the petition that there is no binding precedent governing this issue but that it is clear that the Legislature intended that the YOA apply to those individuals charged with crimes that are commenced when the person is in his minority. R.R.A. does not respond to the State's contention that the offense charged in this case was a continuing offense.
The Alabama Supreme Court in Griffin v. State, 352 So.2d 847 (Ala.1977), had occasion to determine whether a charge under Tit. 15, § 209 (Recomp.1958), obtaining property by false pretenses, was a continuing offense. The Court stated the following:
"It is settled that an offense may be of a continuing nature. Where the acts, when consolidated, constitute but one offense, that crime should be the one with which the accused is charged.... Similarly, if several acts form but one element of an offense, the offense is not complete until the last of such acts has been performed....
"In the case at bar, the false representation that there were no encumbrances upon the property was made several times. The objective of these representations was to obtain the purchase price of the residence. The payment of the first check was merely partial payment. The representation was repeated and more funds were obtained. Both payments were part of the same transaction."
352 So.2d at 850. See also State v. Steele, 502 So.2d 874 (Ala.Crim.App.1987), and Horne v. State, 453 So.2d 1068 (Ala.Crim. App.1983), rev'd on other grounds, 453 So.2d 1070 (Ala.1984). The former crime of obtaining property by false pretenses is substantially similar to the offense of theft by deception.
Applying the rationale of the Griffin Court, we believe that the crime for which R.R.A. was charged was a continuing offense that started in December 2000 and ended in May 2001. The several acts of theft alleged to have been committed by R.R.A. were part of an overall scheme to steal over $1,000 from Max Federal Credit Union. According to Griffin the offense was not completed until the date of the last act to obtain unauthorized control over the credit union's moneya date that all parties agree occurred after R.R.A.'s twenty-first birthday.
*44 Section 15-19-1(a), Ala.Code 1975, provides that an individual is eligible for treatment under the YOA if, "[he is] charged with a crime which was committed in his minority" (emphasis added). "A crime is committed only when all of its essential elements are present and complete." Griffin, 352 So.2d at 850, citing Pendergast v. United States, 317 U.S. 412, 63 S.Ct. 268, 87 L.Ed. 368 (1943) (emphasis added). All of the elements of the offense charged in the indictment were not completed until after R.R.A. celebrated his twenty-first birthday.
Therefore, according to prior caselaw and § 15-19-1, Ala.Code 1975, R.R.A. was not eligible for treatment under the YOA. Judge Hardwick's ruling was erroneous. The State has established all of the prerequisites for the issuance of this writ. Therefore, this petition is due to be, and is hereby, granted.
PETITION GRANTED.
McMILLAN, P.J., and BASCHAB and SHAW, JJ., concur; COBB, J., dissents; WISE, J., recuses herself.
COBB, Judge, dissenting.
I disagree with the majority's decision to grant the State's petition for a writ of mandamus. When Judge Hardwick determined that R.R.A. could be considered for treatment under the Youthful Offender Act ("YOA"), § 15-19-1, Ala.Code 1975, he exercised the discretion expressly granted to him by the statute. I do not believe the cases cited by the majority establish that Judge Hardwick abused his discretion. Accordingly, the petition should be denied.
In Raines v. State, 294 Ala. 360, 317 So.2d 559 (1975), the Alabama Supreme Court explained the purpose of and rationale for the YOA:
"The Youthful Offender Act is intended to extricate persons below twenty-one years of age from the harshness of criminal prosecution and conviction. It is designed to provide them with the benefits of an informal, confidential, rehabilitative system. A determination that one is a youthful offender (1) does not disqualify the youth from public office or public employment, (2) does not operate as a forfeiture of any right or privilege, (3) does not make him ineligible to receive any license granted by public authority, and (4) shall not be deemed a conviction of crime; and (5) the record shall not be open to public inspection except upon permission of the court."
294 Ala. at 363, 317 So.2d at 561 (1975).
The Court further observed:
"[Youthful-offender proceedings] are not criminal in nature and therefore are not subject to the constitutional mandate of trial by jury. Youthful offender adjudications are special proceedings designed to protect persons in a certain age group, heretofore tried as adults, from the stigma and often harmful consequences of the criminal adjudicatory process. It is a manifestation of the legislature's judgment that while persons are still young they may more readily and appropriately respond to methods of treatment which are more rehabilitative, more correctional and less severe than penalties to which adults are exposed. It is an extension, so to speak, of the protective juvenile process."
294 Ala. at 365, 317 So.2d at 562-63.
It is well established that the decision to grant or to deny youthful-offender status rests solely with the trial court. E.g., Hart v. State, 612 So.2d 520, 525 (Ala. Crim.App.), aff'd, 612 So.2d 536 (Ala.1992).
I am aware that in Griffin v. State, 352 So.2d 847 (Ala.1977), the Alabama Supreme Court held that, if several acts *45 form one element of a charged offense, the offense is not deemed to be complete until the last of those acts has been performed. However, I do not agree that Griffin and the other cases cited by the majority control the disposition of this issue. The majority has cited no authority, and my research has disclosed none, for the proposition that the rule of law established in Griffin applies to YOA cases. Moreover, the YOA statute and caselaw support the opposite findingthat the rule of law established in Griffin does not apply to YOA cases.
As noted above, youthful-offender proceedings are special proceedings, the purpose of which is to protect some of society's younger members from the severe consequences of the adult criminal process. Youthful-offender proceedings are not criminal in nature. Recognizing that youthful-offender proceedings are not criminal in nature, the Alabama Supreme Court has held that certain requirements of adult criminal proceedings are not necessary in youthful-offender proceedings. For example, in Ex parte T.B., 698 So.2d 127 (Ala.1997), the Court held that the requirement in § 12-21-222, Ala.Code 1975, that accomplice testimony be corroborated does not apply in a youthful-offender adjudication. The Alabama Supreme Court has also held that, because youthful-offender proceedings are not criminal proceedings, they "are not subject to the constitutional mandate of trial by jury." Raines v. State, 294 Ala. 360, 365, 317 So.2d 559, 562 (1975).
Following the rationale of Raines and Ex parte T.B., I decline to hold, as the majority does, that we are required to apply Griffin to youthful-offender proceedings in general and to this offender specifically. The parties do not dispute that R.R.A. committed some of the acts while he was under the age of 21. I firmly believe that the expressed purposes of the YOA would be far better served by permitting a trial court to consider the application of the YOA to an offender whose unlawful acts began while he was in his minority, even if the unlawful acts that formed the basis of the crime continued past the offender's twenty-first birthday.
I submit that, when it created the YOA to protect young offenders from the harshness of the adult criminal system, the Legislature did not have in mind the precise fact situation presented by this case. Therefore, the YOA does not specifically address whether youthful-offender status could be considered when unlawful acts that form the basis for a charge begin while the offender is under the age of minority but are completed after the offender reaches the age of majority. Therefore, this Court is obligated to resolve this issue based on established legal principles, in light of the legislative intent of the YOA. I believe that the result reached by the majority here violates the legislative intent and the express purposes of the YOA, as recognized by our Supreme Court in other youthful-offender cases.
Holding that Judge Hardwick had the discretion to consider the application of the YOA to this offender would be consistent with the legislative intent behind the statute, and it would be consistent with Alabama caselaw. I am convinced that the majority has reached the wrong result here. Therefore, I must dissent.