COBB, Judge,
dissenting.
I disagree with the majority’s decision to grant the State’s petition for a writ of mandamus. When Judge Hardwick determined that R.R.A. could be considered for treatment under the Youthful Offender Act (“YOA”), § 15-19-1, Ala.Code 1975, he exercised the discretion expressly granted to him by the statute. I do not believe the cases cited by the majority establish that Judge Hardwick abused his discretion. Accordingly, the petition should be denied.
In Raines v. State, 294 Ala. 360, 317 So.2d 559 (1975), the Alabama Supreme Court explained the purpose of and rationale for the YOA:
“The Youthful Offender Act is intended to extricate persons below twenty-one years of age from the harshness of criminal prosecution and conviction. It is designed to provide them with the benefits of an informal, confidential, rehabilitative system. A determination that one is a youthful offender (1) does not disqualify the youth from public office or public employment, (2) does not operate as a forfeiture of any right or privilege, (3) does not make him ineligible to receive any license granted by public authority, and (4) shall not be deemed a conviction of crime; and (5) the record shall not be open to public inspection except upon permission of the court.”
294 Ala. at 363, 317 So.2d at 561 (1975).
The Court further observed:
“[Youthful-offender proceedings] are not criminal in nature and therefore are not subject to the constitutional mandate of trial by jury. Youthful offender adjudications are special proceedings designed to protect persons in a certain age group, heretofore tried as adults, from the stigma and often harmful consequences of the criminal adjudicatory process. It is a manifestation of the legislature’s judgment that while persons are still young they may more readily and appropriately respond to methods of treatment which are more rehabilitative, more correctional and less severe than penalties to which adults are exposed. It is an extension, so to speak, of the protective juvenile process.”
294 Ala. at 365, 317 So.2d at 562-63.
It is well established that the decision to grant or to deny youthful-offender status rests solely with the trial court. E.g., Hart v. State, 612 So.2d 520, 525 (Ala.Crim.App.), aff'd, 612 So.2d 536 (Ala.1992).
I am aware that in Griffin v. State, 352 So.2d 847 (Ala.1977), the Alabama Supreme Court held that, if several acts *45 form one element of a charged offense, the offense is not deemed to be complete until the last of those acts has been performed. However, I do not agree that Griffin and the other cases cited by the majority control the disposition of this issue. The majority has cited no authority, and my research has disclosed none, for the proposition that the rule of law established in Griffin applies to YOA cases. Moreover, the YOA statute and caselaw support the opposite finding — that the rule of law established in Griffin does not apply to YOA cases.
As noted above, youthful-offender proceedings are special proceedings, the purpose of which is to protect some of society’s younger members from the severe consequences of the adult criminal process. Youthful-offender proceedings are not criminal in nature. Recognizing that youthful-offender proceedings are not criminal in nature, the Alabama Supreme Court has held that certain requirements of adult criminal proceedings are not necessary in youthful-offender proceedings. For example, in Ex parte T.B., 698 So.2d 127 (Ala.1997), the Court held that the requirement in § 12-21-222, Ala. Code 1975, that accomplice testimony be corroborated does not apply in a youthful-offender adjudication. The Alabama Supreme Court has also held that, because youthful-offender proceedings are not criminal proceedings, they “are not subject to the constitutional mandate of trial by jury.” Raines v. State, 294 Ala. 860, 365, 317 So.2d 559, 562 (1975).
Following the rationale of Raines and Ex parte T.B., I decline to hold, as the majority does, that we are required to apply Griffin to youthful-offender proceedings in general and to this offender specifically. The parties do not dispute that R.R.A. committed some of the acts while he was under the age of 21. I firmly believe that the expressed purposes of the YOA would be far better served by permitting a trial court to consider the application of the YOA to an offender whose unlawful acts began while he was in his minority, even if the unlawful acts that formed the basis of the crime continued past the offender’s twenty-first birthday.
I submit that, when it created the YOA to protect young offenders from the harshness of the adult criminal system, the Legislature did not have in mind the precise fact situation presented by this case. Therefore, the YOA does not specifically address whether youthful-offender status could be considered when unlawful acts that form the basis for a charge begin while the offender is under the age of minority but are completed after the offender reaches the age of majority. Therefore, this Court is obligated to resolve this issue based on established legal principles, in light of the legislative intent of the YOA. I believe that the result reached by the majority here violates the legislative intent and the express purposes of the YOA, as recognized by our Supreme Court in other youthful-offender cases.
Holding that Judge Hardwick had the discretion to consider the application of the YOA to this offender would be consistent with the legislative intent behind the statute, and it would be consistent with Alabama caselaw. I am convinced that the majority has reached the wrong result here. Therefore, I must dissent.