942 So.2d 402 (2006)
Ex parte State of Alabama.
(In re Floyd Wesley BUSH
v.
STATE of Alabama).
1050545.
Supreme Court of Alabama.
May 26, 2006.
Troy King, atty. gen., Kevin C. Newsom, deputy atty. gen., and Robin Blevins Scales, asst. atty. gen., for petitioner.
Submitted on petitioner's brief only.
Prior report: Ala.Cr.App., 942 So.2d 392.
PER CURIAM.
WRIT DENIED. NO OPINION.
LYONS, WOODALL, and PARKER, JJ., concur.
NABERS, C.J., and SEE, STUART, SMITH, and BOLIN, JJ., concur specially.
STUART, Justice (concurring specially).
I concur in denying the writ. I write to clarify that although I agree that the denial of this petition for a writ of certiorari is proper, I adhere to my dissent in Ex parte Rosborough, 909 So.2d 772, 780-82 (Ala. 2004). I agree with Justice Smith when she states in her special concurrence that the facts as presented to us are insufficient to establish "whether the contract in this case actually continued the deceptive scheme or otherwise acted to cover up the deception," 942 So.2d at 404 (footnote omitted), or whether Floyd Wesley Bush continued to make misrepresentations to Sarah Harbin after he took Harbin's money so as to make the continuing-offense doctrine applicable. Consequently, this Court does not have adequate facts before it to support revisiting our decision in Ex parte Rosborough. Thus, because the facts before us, in my opinion, do not establish a continual deception to support a conviction of theft by deception, I agree to deny the writ.
I further recognize that it is the legislature's responsibility to establish the statute of limitations for theft by deception. I encourage the legislature to revisit § 15-3-1, Ala.Code 1975, which sets forth the limitations period for theft by deception. Until the statute provides that the limitations period begins when the theft by deception could reasonably be discovered, *403 offenses like this one on the citizens of Alabama will continue to go unchecked.
SMITH, Justice (concurring specially).
I concur to deny certiorari review in this case.
In 1997, Sarah Harbin and her husband purchased two interment spaces in a cemetery operated by Floyd Wesley Bush. The final payment on the spaces was apparently tendered to Bush in December 1998. When Harbin's husband died in September 2003, Harbin discovered that she had not been assigned any plot numbers in the cemetery and that her name and her husband's name were not on the list of owners of interment spaces.
In February 2004, Bush was indicted and charged with first-degree theft of property in connection with the sale of the interment spaces to Harbin.[1] Bush was convicted and appealed to the Court of Criminal Appeals.
The Court of Criminal Appeals reversed the conviction, holding that under this Court's decision in Ex parte Rosborough, 909 So.2d 772 (Ala.2004), the three-year statutory limitations period for first-degree theft had expired. In Rosborough, this Court addressed the issue of when the statute of limitations begins to run in a case of theft by deception. In that case, the defendant and the victim had entered into an agreement or contract pursuant to which the defendant was to invest the victim's money. The contract provided that the victim would give the defendant $40,226.36 to invest. The defendant would subsequently make monthly payments of interest on the amount to the victim over a period of more than five years. At the end of the five-year term, the full amount of principal would be returned to the victim.
The defendant made most of the interest payments, but he stopped making payments approximately four months before the contract was scheduled to end. The defendant ultimately did not return the principal to the victim and was charged with theft by deception. This Court held that the statute of limitations begins to run in a theft-by-deception case when all of the essential elements of the offense are present and complete. Theft by deception, we noted in Rosborough, is complete when the defendant, with the requisite intent, obtains money from the victim through the use of deception.
In its petition for certiorari review, the State essentially argues that the contract for the sale of the interment spaces in this case perpetuated Bush's deceptive scheme. According to the State, Harbin relied on the promise contained in the contract; thus, the "last act" by Bush in furtherance of the crime was the failure to perform the contract, i.e., when Harbin did not receive the interment spaces she had paid for. Therefore, the State contends, the statute of limitations began to run in September 2003, when Harbin attempted to use her husband's interment space, and the indictment issued in February 2004 fell within the three-year statute of limitations. The State also appears to assert that the statute of limitations in a theft-by-deception case should not begin to run until the alleged crime is discovered.
As this Court noted in both Rosborough and Griffin v. State, 352 So.2d 847 (Ala. 1977), the statute of limitations does not begin to run when a crime is discovered, but rather when the all of the elements of *404 the crime are present and complete. In Griffin, we stated:
"A crime is committed only when all its essential elements are present and complete. The offense of obtaining property by false pretenses consists of the pretense; its falsity; obtaining property by reason of the pretense; and the intent to defraud. Knowledge on the part of the victim is not required. Therefore, the date the crime was discovered is irrelevant. The statute of limitations begins to run with the commission of the crime, this being the date when all the above requisites coalesce."
352 So.2d at 850 (citations omitted). However, in some cases, the offense may be continuing in nature. If several acts form one element of an offense, the offense is not complete until the "last act" has been performed. 352 So.2d at 850. The dissenting Justices in Rosborough believed that that case presented such a continuing offense. Chief Justice Nabers stated in his dissent:
"This is not simply a theft followed by a series of deceptive acts to cover it up. If it were, the majority's opinion would be persuasive. Rather, it is a theft conceived and carried out through a contract, which by its terms continued beyond the theft and provided cover for Rosborough's deception. The contract was part and parcel of the crime. Every penny of the $40,226 was `obtained' by Rosborough under the contract. The transaction created by the contract extended by its terms through December 2000.
"I would hold that in a theft-by-deception case where property is obtained pursuant to a continuing and deceptive scheme set forth in a contract crafted to effectuate the transfer of the property and to cover up the theft through means defined as `deception' by Ala.Code 1975, § 13A-8-1(1)(a) through (f), the statute of limitations does not begin to run until the thief has completed his `final act' of performance under the contract."
Rosborough, 909 So.2d at 779 (Nabers, C.J., dissenting).
The facts before this Court on preliminary examination of this certiorari petition are simply insufficient from which to determine whether the offense alleged in this case was continuing in nature. Neither the facts in the Court of Criminal Appeals' decision nor the State's properly presented statement of facts establishes whether the contract in this case actually continued the deceptive scheme or otherwise acted to cover up the deception.[2] Additionally, there are no facts before us indicating that Bush made continuing representations by way of the contract that led Harbin to believe she owned the interment spaces. In short, there is nothing before us that would demonstrate probability of merit in the State's argument that the "final act" of the offense occurred when Harbin attempted to use the interment spaces she believed she had purchased. Therefore, I concur to deny the petition.
As noted, the State appears to assert that the statute of limitations should not begin to run until the alleged offense is discovered. As discussed above, we held in Griffin that the date the crime is discovered is irrelevant. The legislature, should it see fit to do so, could amend Ala.Code 1975, § 15-3-1, to provide that the three-year statute of limitations in a theft-by-deception case would be tolled until the theft could reasonably be discovered. The *405 creation of such an exception rests with the legislature, however, and not with this Court.
NABERS, C.J., and SEE and BOLIN, JJ., concur.
NOTES
[1] Bush was also indicted on other charges related to his operation of two cemeteries and his failure to provide certain goods and services. A discussion of those charges can be found in the Court of Criminal Appeals' decision in this case. Bush v. State, [Ms. CR-04-1789, November 23, 2005] 942 So.2d 392 (Ala.Crim.App.2005).
[2] See Rule 39(k), Ala. R.App. P. (limiting this Court's scope of review on preliminary examination of a certiorari petition to the facts stated in the court of appeals' decision and a statement of facts properly presented under Rule 39(d)(5), Ala. R.App. P.).